Hans Christofferson *vs.* William Howe.

Argued April 12, 1894. Affirmed April 20, 1894.

No. 8764.

**Account stated.**

> When an account is stated, the balance struck becomes an original demand, the transaction amounts to an express promise to pay that balance, and, except in case of fraud or mistake, the account cannot be examined to ascertain the items of that balance.

**Settlement of mutual accounts and note for the balance is satisfaction of the items.**

> When a new note is given in settlement of the balance due on mutual running accounts of which a debt secured by a mortgage formed only a part, it is a satisfaction, and not a renewal, of that mortgage.

Appeal by plaintiff, Hans Christofferson, from an order of the District Court of Marshall County, *Frank Ives*, J., made January 26, 1894, denying his motion for a new trial.

The plaintiff owned a farm in Tamarack, Marshall County, and made a contract in 1890, with defendant William Howe to work it, raise wheat and deliver it to plaintiff, and was to be paid therefor one half of the money realized on the sale of the wheat. Plaintiff furnished some supplies and advanced money for Howe, and on October 28, 1890, they had a settlement of accounts and there was found due plaintiff $377.90. Howe gave his note for the amount due November 1, 1891, and secured it by a mortgage upon a horse,

wagon, binder, plow and harness.   Howe worked the farm again the next year on the same terms and on December 1, 1891, had another accounting and settlement of all their mutual accounts and claims including Howe's half of the wheat raised that year and plaintiff's advances and the note for $377.90 and interest.    A balance was struck and there was found due to plaintiff $263.20, for which sum Howe gave plaintiff his note due November 1, 1892. Howe failed to pay this note and in July, 1893, plaintiff claimed that the chattel mortgage was security for this debt, as it contained a provision that it should be security for the payment of the note for $377.90 or any other note of the mortgagor given thereafter to plaintiff as a renewal thereof.   On July 22, 1893, plaintiff demanded the property and being refused commenced this action of replevin for its recovery.   Howe answered that the mortgage was paid and extinguished by the accounting and settlement made December 1, 1891.   The issues were tried November 23, 1893, and these facts appearing by the evidence the court dismissed the action.   Plaintiff made a bill of exceptions and moved the court for a new trial, but was denied and he appeals.

*Brown & Carr,* for appellant.

A debt evidenced by a promissory note and secured by a chattel mortgage is not fully paid, so as to satisfy and cancel the mortgage by paying a part in cash and giving a note for the balance.   In the absence of an agreement that a new note is received in payment it will be held to be but new evidence of the old debt.   *Hanson* v. *Tarbox,* 47 Minn. 433.

The mortgage was given to secure the payment of the note therein described or any other note of said mortgagor given thereafter to the mortgagee as a renewal thereof.   If the taking of a new note discharged the old one, still this would not affect the validity of the mortgage.   It would stand to secure the new note. Jones, Chattel Mortgages, § 89, note 8.

On December 1, 1891, the plaintiff and defendant had a mutual accounting and settlement of all claims held by each against the other.   The note described in the mortgage was included with others.   This settlement cannot be construed to be a payment. 22 Am. & Eng. Enc. of Law, 488.

*H. W. Brown* and *Brown & Bayrell*, for respondent.

The new note was not given in renewal of the old one but on the contrary it was for the balance of a subsequent account including the old note. The balance of the account stated between the parties is not the same debt that was secured by the chattel mortgage.

CANTY, J. On October 28, 1890, defendant made and delivered to plaintiff a promissory note for $377.90, and, to secure it, also made to plaintiff a chattel mortgage on some horses, harness, and farm utensils. Plaintiff brought this action to recover from defendant possession of a part of this property under this mortgage.

On the trial it appeared that on December 1, 1891, plaintiff and defendant had a settlement of a mutual running account, consisting of several items on each side, the charges in plaintiff's favor amounting to $1,125.95, including this item of $377.90 due on this note, and the payments on this account amounted to $862.75, leaving a balance due plaintiff of $263.20. This account was duly stated, and defendant gave a new note for $264 as the balance due.

Plaintiff claims that this note is a mere renewal of the first note, and the mortgage given to secure the first note stands as security for the so-called renewal note. We are not of that opinion. When an account is stated, the balance struck becomes an original demand, the transaction amounts to an express promise to pay that balance, and the account cannot be examined to ascertain the items of that balance. *Hawkins* v. *Long*, 74 N. C. 781; *McClelland* v. *West*, 70 Pa. St. 183; 1 Am. & Eng. Enc. Law, 124.

When a new note is given in settlement of the balance due on mutual running accounts of which a debt secured by a prior mortgage formed only a part, it is a satisfaction, and not a renewal, of that mortgage. *Walters* v. *Walters*, 73 Ind. 425.

There is a clause in plaintiff's mortgage which provides that it shall secure "any other note of said mortgagor given hereafter to the mortgagee herein as a renewal hereof."

We cannot see that this helps the plaintiff's case any, or gives him anything but what the law would give him in the absence of this provision. We are of the opinion that the mortgage under which plaintiff seeks to recover was satisfied by the subsequent settlement,

and that the court below committed no error in dismissing his action. As this disposes of the case, we will not pass on the other points discussed.

The order denying plaintiff's motion for a new trial is affirmed.

BUCK, J., absent, sick, took no part.

(Opinion published 58 N. W. 830.)