CHARLES W. ELSTON et al. vs. AARON FIELDMAN.

Submitted on briefs April 10, 1894. Affirmed April 20, 1894.

No. 8646.

The trial was confined to the issues made by the pleadings.

Held, that the case does not show consent in the court below to try other issues than those made by the pleadings.

Sale of passage ticket.

The seller of a ticket for passage issued by a common carrier does not, from the sale alone, undertake for anything beyond the genuineness of the ticket.

Consideration of a contract.

A contract held to be on a sufficient consideration.

Appeal by defendant, Aaron Fieldman, from an order of the Municipal Court of the City of Duluth, Eric L. Winje, J. made November 25, 1893, denying his motion for a new trial.

On July 9, 1892, Charles W. Elston and Charles A. Britts were partners in business as bankers and ticket brokers at Duluth. They agreed with defendant on that day to sell to him and send to his brother's family in Odessa, Russia, passage tickets from Hamburg, Germany, to Duluth in this state. Defendant paid them therefor $248.50 and they sent the tickets, but on account of the prevalence of cholera in Russia the family was refused passage through Austria and was delayed five months. When they reached Hamburg the steamship line refused for the same cause (it is supposed) to carry steerage passengers, and the tickets were useless. Defendant received an account of the matter and procured and sent sec-

ond class instead of steerage tickets. He applied to Elston & Britts for return of his money and on March 21, 1893, they paid him $190 and entered into an agreement with him to apply to the steamship company's agents and get back as much of the $248.50 as possible and to pay him any excess received over $190, and he agreed to repay to them any deficiency. The plaintiffs obtained but $170 and brought this action to recover the remaining $20. Defendant answered stating all the details at much length and demanded judgment against plaintiffs for the remaining $58.50 and interest. At the trial on October 13, 1893, the court ordered judgment for plaintiffs for the twenty dollars. Defendant moved for a new trial. Being denied he appealed to this court.

*Austin N. McGindley,* for appellant.

*McMahon & Mitchell,* for respondents.

GILFILLAN, C. J. The appellant, when in this court, attempts to shift his ground of defense and counterclaim, as presented in his answer. The ground set forth in the answer is that the plaintiffs sold to defendant's brother, L. Fieldman, steamship and railroad tickets for the passage of his family from Hamburg, Germany, to Duluth, in this state, and that the tickets were worthless. Here the appellant claims that the transaction was a contract on the part of the plaintiffs to transport said family from Hamburg to Duluth, which they failed to perform. The court below found the transaction to have been what it is alleged in the answer,—a sale of tickets, —and also that the tickets were valid; and, on those findings, both the defense and the counterclaim failed. It might, from some of the evidence, be spelled out or inferred that the transaction was something different from the ordinary case of a sale of tickets; but there was not enough of such evidence to show that the parties, by consent, tried, or were understood by the trial court as trying, any other issues than those made by the pleadings.

A ticket issued by a common carrier of passengers for passage between two points is evidence of a contract to carry between such points as indicated on it; and, unless the right to use it is limited upon it to a particular person, the holder has a right to be carried as indicated by it. Such tickets have come to be bought and sold, and passed from hand to hand, almost as any article of merchan-

dise. By the mere sale of such a ticket the seller does not undertake to transport the buyer, nor contract that the carrier will do so, nor bind himself for anything except the genuineness of the ticket.

In this case the steamship tickets were what are called "steerage tickets." For some reason, not clearly disclosed by the evidence, the steamship company refused, for the time, to carry from Hamburg on steerage tickets. But there was no evidence that the tickets sold by plaintiffs were not genuine. The defense and counterclaim depended on proof by defendant of that fact, and, as it was not proven, of course they failed.

Reading the contract sued on in connection with the circumstances to which it refers, we gather from it that the plaintiffs were to procure to be refunded by some one—the steamship or railroad companies—as much as they could on account of the unused tickets. They were under no legal obligation to do so, and their undertaking to do it, as well as their payment to defendant of the money mentioned in the contract, furnished a consideration for defendant's promise to them.

The claim now made by appellant, that he executed the contract sued on only as agent for L. Fieldman, is contrary to his answer, which admits, unqualifiedly, that he executed it, and which also alleges that he had no authority from L. Fieldman to execute it.

Order affirmed.

(Opinion published 58 N. W. 830.)