W. H. TOWLE and Another v. GEORGE J. SHERER and Another.[1]

December 3, 1897.

Nos. 10,779—(165).

**Lost Deed — Evidence to Establish — Findings Sustained.**

When the former existence of a lost deed is denied, the evidence to establish it must be strong and satisfactory. *Held*, the evidence in this case is of that character, and sustains the findings of the trial court.

**Same—Witness—Competency.**

In an action to establish a lost deed, it is immaterial that the deed was made in pursuance of an illegal or nonenforceable contract, at least unless the deed was voidable even if it had not been lost.

**Same — Proper Party — Conversations with Deceased — G. S. 1894, § 5660.**

Under G. S. 1894, § 5660, if a party to the action has interest enough in the controversy to be a proper party, he cannot testify as to conversations with a deceased person, even though such interest may be merely contingent and uncertain.

**Lost Deed—Secondary Evidence.**

*Held*, secondary evidence of the alleged lost deed was, under the circumstances, properly admitted.

**Trial—Motion to Strike Out—Answer to Question.**

A motion to strike out a part of an answer to a question, without indicating what part and without stating any ground of the motion, where no ground existed except that it was secondary evidence, was properly denied. *Held*, a certain ruling was error without prejudice, because the answer to the question objected to was not of an objectionable character.

**Evidence—Admission against Interest—Contingent Interest.**

The admissions of a party against his interest are competent evidence against him, even though his interest is contingent or uncertain.

**Witness—Impeachment—Immaterial Matter.**

*Held* not error to refuse to allow a witness to be impeached as to an immaterial matter.

**Appeal—Objection to Evidence—Change of Objection.**

Where an objection to evidence is taken on one ground, an assignment of error on a different ground *held* not well taken.

**Unimportant Rulings.**

Other unimportant rulings disposed of.

[1] Reported in 73 N. W. 180.

Action in the district court for Wright county by the special administrator of James Tracy, deceased, and by Minerva Tracy to establish a lost deed. The facts are stated in the opinion. The case was tried before Russell, J., without a jury, and the court ordered judgment for plaintiffs. From an order denying a motion for a new trial defendants appealed. Affirmed.

*Charles P. Barker*, for appellants.

Plaintiffs come into a court of equity with a void trust created for the purpose of defrauding creditors, setting up two pretended lost deeds, and ask the court to compel the execution of a third. See Sumner v. Sawtelle, 8 Minn. 272 (309), a case similar to this; Johnson v. Johnson, 16 Minn. 462 (512); Jones v. Rahilly, 16 Minn. 283 (320); Leonard v. Green, 30 Minn. 496; Sawyer v. Harrison, 43 Minn. 297; King v. King, 61 Ala. 479. If a party seeks relief in equity he must be able to show that on his part there has been honesty and fair dealing. Dent v. Ferguson, 132 U. S. 50; Randall v. Howard, 2 Black, 585. When a conveyance purports to have been made for a good and valuable consideration, paid by the grantee, the presumption of law is that the estate is held by him for his own use. This presumption cannot be rebutted by parol evidence. Philbrook v. Delano, 29 Me. 410; Movan v. Hays, 1 Johns. Ch. 339; Squire v. Harder, 1 Paige, Ch. 494; Trafton v. Hawes, 102 Mass. 533, 541.

A debtor purchasing land which he has caused to be conveyed to another to defraud his creditors has no interest in it. Kelly v. Karsner, 72 Ala. 106, and cases cited; Tyler v. Peatt, 30 Mich. 63; Harwood v. Underwood, 28 Mich. 427. No trust can be grafted on a conveyance absolute in form. Patton v. Beecher, 62 Ala. 579; Connelly v. Sheridan, 41 Minn. 18. The courts will not afford the fraudulent grantor any relief of any kind, but leave him in the position in which he has placed himself. Lessee v. Heirs, 15 Ohio, 408; Ober v. Howard, 11 Mo. 425; Edwards v. Haverstick, 53 Ind. 348; Butler v. Moore, 73 Me. 151; Stewart v. Ackley, 52 Barb. 283; Schuman v. Peddicord, 50 Md. 560; Shallcross v. Deats, 43 N. J. L. 177; Wolfe v. Beecher, 47 Conn. 231; Horner v. Zimmerman, 45 Ill. 14; Newell v. Newell, 34 Miss. 385; Inhabitants v. Inhabitants, 8 Cush. 525; Dearman v. Radcliffe, 5 Ala. 192; Ybarra v. Lorenzana,

53 Cal. 197; Noble v. Noble, 26 Ark. 317; Maher v. Swift, 14 Nev. 324; Sumner v. Murphy, 2 Hill (S. C.) 488.

A valid consideration paid is indispensable in establishing a lost deed. King v. Pillow, 90 Tenn. 287; Mosher v. Mosher, 108 Mich. 612; Torrent v. City, 101 Ala. 559. To establish a lost deed and thereby overthrow the evidence made by an absolute warranty deed, the proof must be strong and convincing and beyond doubt. It must be plenary. Wakefield v. Day, 41 Minn. 344; Connor v. Pushor, 86 Me. 300; Thomas v. Ribble (Va.) 24 S. E. 241; Edwards v. Noyes, 65 N. Y. 125. None of the covenants in a deed can be implied. G. S. 1894, § 4165; Aiken v. Franklin, 42 Minn. 91. Proof of an oral trust is inadmissible, except at the suit of prior existing creditors. Pillsbury v. Kistler, 53 Minn. 123; Connelly v. Sheridan, 41 Minn. 18; Jackson v. Cleveland, 15 Mich. 94. Upon the statute abolishing uses and trusts, see Tatge v. Tatge, 34 Minn. 272; McVay v. McVay, 43 N. J. Eq. 47; Sumner v. Sawtelle, 8 Minn. 272 (309). Parol evidence of the objects and purposes for which a deed was made, thereby to convert the deed into one of trust, is not admissible. Flint v. Sheldon, 13 Mass. 443; Gerry v. Stimson, 60 Me. 186; Pavey v. American, 56 Wis. 221; Green v. Cates, 73 Mo. 115; Lawson v. Lawson, 117 Ill. 98.

The "interest" to preclude a witness from testifying as to conversations with a deceased person must be pecuniary, direct, immediate and not uncertain, contingent, remote or merely a possible interest. Madson v. Madson, 69 Minn. 37. The inchoate right of a wife is not such an interest. Perine v. Grand Lodge, 48 Minn. 82. Mrs. Sherer was improperly made a party, but as to whether it is only a party to the issue and interested therein who is disqualified, see Bowers v. Schuler, 54 Minn. 99. No foundation was laid or attempted to be laid for oral testimony of the contents of the letter and dispatch. The deed was traced to the last place, as they claim, but no effort made to find it there. This was not a sufficient foundation. Wood v. Cullen, 13 Minn. 365 (494); Kearney v. Mayor, 92 N. Y. 617; Guerin v. Hunt, 6 Minn. 260 (375). Defendant moved at the opening of the case that the action be dismissed as to Mamie J. Sherer, basing the motion on the complaint, which alleged that the

property was conveyed to defendant George J. Sherer in trust. She had no inchoate interest in property held by her husband in trust. Cooper v. Whitney, 3 Hill, 95; Germond v. Jones, 2 Hill, 569; Powell v. Monson, 3 Mason, 347.

*William E. Culkin* and *Wendell & Pidgeon*, for respondents.

When a deed of warranty, or even quitclaim, has been made, duly executed under seal and delivered, and such deed has been lost and never recorded, it is within the power of a court of equity to restore same by requiring the execution of a new deed or by a decree fixing the title in the grantee. 3 Pomeroy, Eq. Jur. 1376, and notes; Story, Eq. Jur. § 84. If any consideration must be proved in proving the existence of a lost deed, and if a consideration is not presumed from the fact that it is under seal and is duly executed— Rose v. Roberts, 9 Minn. 109 (119); McMillan v. Ames, 33 Minn. 257—the fact that the property morally and equitably belonged to James Tracy is a sufficient consideration for a reconveyance. Chitty, Cont. 28; Whitesides v. Caldwell, 9 Yerg. 419. It is settled in this state that this action can be maintained. Wakefield v. Day, 41 Minn. 344; Edwards v. Noyes, 65 N. Y. 125; Stebbins v. Duncan, 108 U. S. 32. There is ample evidence, in view of the whole case, to sustain the findings. Findings of trial court are not to be disturbed. Webb v. Kennedy, 20 Minn. 374 (419); Tenberg v. Martin, 26 Minn. 71; Knoblauch v. Kronschnabel, 18 Minn. 272 (300); Fleming v. Alden, 44 Minn. 493.

Plaintiff could not have restored and perfected this title, as it was after delivery of the deeds which were burned and stolen, without bringing in Mrs. Sherer. Williams v. Barrett, 52 Iowa, 637; Allen v. Baldwin, 22 Minn. 397; Griswold v. Edson, 32 Minn. 436; Chadwick v. Cornish, 26 Minn. 28. It is absurd to say that she must be made a defendant in order to bring in even her inchoate interest, and then say she has no interest. She has an interest in the record. Perine v. Grand Lodge, 48 Minn. 83. The existence of these deeds is so conclusively established by evidence that they could not be outweighed by any statement of Mrs. Sherer. If it be error to allow her to testify to the declaration of the deceased, it is error without prejudice. Maher v. Winona, 31 Minn. 401. Where there is in the

bill of exceptions neither a formal offer of evidence nor any statement of what the witness will testify to, there is no available error. Thompson, Trials, § 678; Batten v. State, 80 Ind. 394. It is a settled rule that where a conversation between persons is offered in evidence, the party offering it is required to disclose how it may be material. Trustees v. Brooklyn, 23 How. Pr. 448.

John Tracy had testified to an alleged transaction between himself and deceased in presence of Mrs. Tracy. The court allowed the plaintiff to deny the conversation and say what was done only in rebuttal. Since the objection that the testimony was not competent under the statute was not raised or made in the lower court, it cannot be raised here. Bedal v. Spurr, 33 Minn. 207; Califf v. Hillhouse, 3 Minn. 217 (311).

The findings and order in this case ought not to be set aside on the ground of error unless the error, if such be found, is clearly prejudicial. Coit v. Waples, 1 Minn. 110 (134); Chapman v. Dodd, 10 Minn. 277 (350); Leonard v. Green, 34 Minn. 137.

CANTY, J.

This is an action to establish a lost deed. On the trial the court found for plaintiffs, and from an order denying a new trial defendants appeal.

1. In and prior to 1891, James Tracy was in possession of the quarter section of land in question under what would seem to be a defective title, and on March 24 of that year made a deed of the land to the defendant George J. Sherer. On April 3 of that year one Barnett, who held the outstanding title, if any existed, made a deed conveying his interest in the land to Sherer. Notwithstanding these conveyances Sherer never took possession of the land, but Tracy and his wife continued to reside on it until the time of Tracy's death on April 29, 1896, and during all this time he cleared, cultivated and improved the land, and paid the taxes on it. In 1895 he built a new house on the land at a cost to him of $3,250, of which Sherer paid $346.23, and rendered a bill to Tracy for the same for which Tracy gave his note to Sherer. Tracy also insured the house in his own name.

Plaintiffs claim that the first-named deed was without consideration and that Tracy paid the consideration for the conveyance from

Barnett to Sherer; that Sherer held the title on a parol trust and an oral agreement to convey it back to Tracy; that, in pursuance of such agreement, Sherer and his wife did, in 1892, convey it back to Tracy; that the latter did not record his deed, but kept it in his old dwelling house on the land, and the deed was burned with the house in 1894; that in February, 1896, Sherer and wife made and delivered to Tracy a second deed to replace the one that was burned; that this second deed was not recorded, but was kept in Tracy's possession in his house until March, 1896, about a month before he died, when Sherer wrongfully got possession of it and carried it away. This action was commenced shortly after by Tracy and wife. Tracy died before the trial, and his administrator, Towle, was substituted in his place.

We shall not attempt to recite much of the evidence, which covers 900 printed pages, but we are of the opinion that it fully sustains the above claims of plaintiffs. Sherer's wife and Tracy were brother and sister, and Sherer and Tracy were always on very intimate terms until the time at which it is claimed that the second deed was carried off by Sherer. On January 25, 1896, Sherer wrote Tracy as follows:

"I have the deed made out, but Mamie has not been down town yet to sign it. I expect her down to-day. What shall I make the consideration in the deed? If you let me know, I will put in just whatever amount you say."

On February 16, 1896, Sherer wrote Tracy:

"I sent deed a few days ago. Hope it is satisfactory."

Sherer admits that he wrote these letters and also that he wrote a letter between these dates, inclosing a deed to Tracy. But he claims that it was a "bogus deed," containing an impossible description, and was made at the request of Tracy, to satisfy Tracy's wife, who was making trouble for him because he did not buy back the land.

On the evidence the court was amply justified in refusing to believe the story of Sherer's witnesses as to the deed being of this character and in believing that it contained a description of this quarter section, as testified to by plaintiffs' witnesses. Again, the

register of deeds, and another witness who ran an abstract business, testified that shortly before the time at which it is claimed that the second deed was taken from Tracy's house Sherer came to the register's office, and inquired of the two witnesses if there was a deed of this farm on record from Sherer to Tracy. The evidence to establish the former existence of a lost deed must be strong and satisfactory, and the evidence to support the court's findings in this case is of that character.

This is not, as appellants contend, an action to enforce the alleged parol trust or oral agreement to reconvey, and the only purpose of the evidence tending to prove such trust and agreement is to add to the probability that such a reconveyance was in fact made. Again, if the land was reconveyed to Tracy the title vested in him, and the loss, destruction or theft of the deed would not devest that title; and it is immaterial whether, as appellants claim, the parol trust which is the consideration for the reconveyance was illegal. If the title in fact vested in Tracy, that is sufficient to support the action to establish the lost deed; at least unless the conveyance was voidable even if the deed had not been lost or stolen. Surely Sherer can obtain no advantage from his own wrong in taking and carrying off this deed. This disposes of the first five assignments of error.

2. The court refused to permit the defendant Mamie J. Sherer, the wife of defendant George J. Sherer, to testify as to conversations and admissions of Tracy in his lifetime, and this is assigned as error. In our opinion, the witness was incompetent. The statute makes a distinction between a witness who is a party to the action and one who is not, but is interested in the event thereof. Section 5660, G. S. 1894, is as follows:

"It shall not be competent for any party to an action, or interested in the event thereof, to give evidence therein of or concerning any conversation with, or admission of, a deceased or insane party or person, relative to any matter at issue between the parties."

It was held by this court in Perine v. Grand Lodge, 48 Minn. 82, 50 N. W. 1022, and again in Madson v. Madson, 69 Minn. 37, 71 N. W. 824, that, in order to disqualify a witness who is not a party to the action, his interest must be legal and certain, not remote and

contingent. But the statute on its face makes a party to the action incompetent whether he is interested or not. At common law a party to the record was not a competent witness. 1 Greenl. Ev. § 329. But, if a defendant had no interest in the event of the suit or was improperly made a party, the plaintiff could not, by thus making him a party, deprive the other defendants of the benefit of his evidence. Id. § 358. See sections 355–357.

If Mrs. Sherer had interest enough to be a proper party to this action she had interest enough to render incompetent her testimony as to conversations with a deceased person. True, her only interest in the real estate in question is that of the inchoate statutory dower which she would have if the defendants succeeded in defeating the establishment of the alleged lost deed or deeds. But, while this interest is contingent and uncertain, it is sufficient to constitute her a proper party to the action and, being such a party, she was not competent to testify as to such conversations.

3. There is nothing in defendants' claim that the court erred in admitting secondary evidence as to the contents of the second deed. There is evidence in the case tending to prove that Sherer wrongfully took the deed, and when called for cross-examination he denied that he ever took it, or that it ever existed.

4. Mrs. Tracy was a witness for plaintiffs and was asked if she had requested Sherer to return this deed. She answered: "No, sir, I did not, but I have written him." Defendant's counsel: "I move to strike out that part of the answer." The motion was denied, and this is assigned as error. We are of the opinion that the court did not err, if for no other reason, because it was not stated what part of the answer was intended to be assailed by the motion, and no ground for the motion was stated.

5. On cross-examination, Sherer was asked if he had not at a certain time sent a telegram to Tracy, containing certain statements. The overruling of the objection made on the ground that it is secondary evidence was error without prejudice, because the witness denied that he ever sent such a telegram.

6. It was competent to prove the admission of defendant Mamie J. Sherer. True, her admissions were not evidence against her husband, but they were against her and therefore admissible. The

evidence in question was also competent to impeach the credibility of Mrs. Sherer as a witness.

7. It was not error to refuse to allow Mrs. Tracy's evidence to be impeached on an immaterial point.

8. One John Tracy, a witness for defendant, testified that he read what plaintiffs claim was the second deed; that it was simply a bogus deed, such as defendant claimed it to be, and he so told Mrs. Tracy. This was in the house of James Tracy, just before his death, and the witness further testified that Mrs. Tracy went immediately into the other room and abused him on his death bed. Mrs. Tracy, being called in rebuttal, was asked what John Tracy said on this occasion. In answer, she testified to what her husband said to John Tracy about this deed. Counsel for defendants moved to strike out the answer "as incompetent, irrelevant, and immaterial, and conversations and admissions in the parties' own favor." The court denied the motion, and this is assigned as error, because it was testimony as to conversations with a deceased person. This was not the ground of the motion, which was that the evidence (not the witness) was "incompetent," and was an admission "in the parties' own favor." The assignment of error is not well taken.

9. The eleventh assignment of error relates to the refusal of the court to permit the witness Cotton to explain again what he had already explained,—that he knew that the $500 which Sherer borrowed of the witness was to go to Tracy, because Sherer had told the witness that he (Sherer) was going to loan it to Tracy.

10. A carpenter, who testified for plaintiffs as to the cost or value of the new house, stated on cross-examination that he had no education, that his wife helped him to do the figuring, as she always did in his business, and that all he knew about the figuring was what she told him. Defendants then moved to strike out his testimony as to the value of the house. The motion was properly denied. For all that appears, he may have relied on these figures merely in corroboration of his independent judgment as to the value of the house.

This is all of the 22 assignments of error that we deem worthy of any special notice. We have examined all of them, and find no error in any of the rulings referred to.

The order denying a new trial is affirmed.