JOANNIN–HANSEN COMPANY v. W. A. BARNES & COMPANY.

October 23, 1899.

Nos. 11,653—(8).

**Fire Insurance Brokers—Allegations of Complaint and Facts Found.**
  Complaint construed, and *held*, that the cause of action established by the trial court's findings, which was the basis of its judgment, is not the cause of action alleged in the complaint.

Appeal by defendant from a judgment of the district court for Hennepin county entered pursuant to the findings and order of McGee, J. Reversed.

*Hahn, Belden & Hawley*, for appellant.
*Lee Combs*, for respondent.

START, C. J.

This cause was tried by the court without a jury. Findings of fact were made to the effect following: The defendant, on August

13, 1894, as an insurance agent and broker, agreed with the plaintiff to write or cause to be written for it a policy of fire insurance of $1,000 on the property described in the complaint, or, in case of its failure or inability so to do, promptly to give the plaintiff notice thereof. The defendant negligently failed to write or cause to be written such policy, and negligently failed to give the plaintiff notice that it had not done so, whereby the plaintiff sustained damages in the sum of $751.65. As a conclusion of law the court ordered judgment in favor of the plaintiff for the amount of its damages. From the judgment so entered the defendant appealed.

Briefly stated, the contention here of the defendant is that the contract which the trial court found that the parties made, and the neglect of the defendant to discharge the duty on its part growing out of the contract, are not alleged in the complaint; or, in other words, that the facts found by the court, and the supposed cause of action upon which the defendant was held liable, are not alleged in the complaint. No claim is made by the plaintiff that the defendant consented to litigate the issues upon which alone the court found and based its judgment. The real question in this case is whether the ultimate facts found by the court, and upon which its decision was based, are fairly alleged in the complaint. If they are, then the record presents the further question whether the findings are supported by the evidence, but, if they are not embraced in the statement of the cause of action alleged in the complaint, the judgment cannot be sustained, and it is immaterial whether the findings as made are sustained by the evidence or not.

The here material allegations of the complaint are: That the defendant was a corporation and an insurance broker at the city of Minneapolis, whose business was to place insurance upon property in companies of which it was or might be the agent, and to issue policies to the applicant therefor. That the plaintiff had insurance on certain property to an amount exceeding $20,000, of which $7,000 was written by the defendant in several companies of which it was the agent. That there was then a custom in the city of Minneapolis among insurance brokers and insurance companies and their agents, with reference to the insurance of property against fire, that whenever a party who theretofore had in-

surance placed on his property by such broker or agent should desire additional insurance thereon such party would call on the broker, and verbally request him to write the desired amount of such additional insurance on such property; and, no particular insurance company having been designated by the assured, the broker would then, if he agreed to place the risk, write a policy to the amount desired in any responsible insurance company that he might select and designate, for the same period, upon the same terms and rate of premium as then contained in such prior policies. That such additional risk would begin and the policy thereof would date from noon of the day of the application. That, in accordance with such custom, the plaintiff made an application to the defendant at its office in such city, and requested the defendant to write the amount of $1,000 insurance, and place the same on the property, in addition to the amount theretofore existing thereon, in some insurance company then represented by it as its agent, on the same conditions and at the same premium as contained in the policies of the other companies written on the property by the defendant, as their agent. That the defendant accepted the application for such additional insurance upon such terms, and agreed with the plaintiff to write the sum of $1,000 on the plaintiff's property, and to issue a policy therefor in a reliable insurance company, to be selected by it, to date and take effect from noon of August 14, 1894; but the defendant wholly neglected and failed to write the amount of $1,000 additional insurance, or any part thereof, on the property, and failed and neglected to exercise due diligence so to do. That by such failure and neglect of defendant, and on account of the fire hereinafter mentioned, the plaintiff was greatly damaged, and wholly lost the benefit of said additional insurance. That the property was destroyed by fire on August 18, 1894, and thereafter the defendant and all other brokers representing companies having risks on the property, together with the plaintiff, in accordance with the terms of the policies, selected appraisers, who determined the aggregate loss at a sum exceeding $20,000. That, by the terms of the policies, any insurance contracted for, as in the case of the $1,000 additional insurance, was to be treated by all of the companies having risks on the property so insured as

though the same had been fully written by some company as additional insurance. That the loss of the plaintiff by reason of the premises was $871.66.

It is clear from these allegations of the complaint that the cause of action alleged in the complaint is a breach of the defendant's acceptance of the plaintiff's application for insurance and its agreement to write such insurance on behalf of an undisclosed principal; that is, one of the companies represented by it. It is impossible, by any fair construction of the complaint, however liberal, to construe it as embracing the cause of action found by the trial court. The liability of the defendant, as established by the findings of fact by the court, is that the defendant was the broker or agent of the plaintiff, acting for it, and as such agreed to write or procure for it the additional insurance in question, or, in case of its failure so to do, to notify it thereof; and that it neglected to discharge its duty arising from such employment and agency. The allegations in the complaint to the effect that the defendant wholly neglected to write the insurance, or any part thereof, and failed and neglected to exercise due diligence so to do, which is relied on by the plaintiff, is, in legal effect, simply an allegation that the defendant neglected to perform its contract, and neglected to use due diligence so to do. This allegation must be read and construed in connection with the other allegations of the complaint, which are to the effect that the defendant accepted the application for insurance, and absolutely agreed to write it, and issue a policy for one of the companies it represented. The plaintiff could only recover, if at all, on the issues tendered by the complaint.

Upon the construction which we have given to the complaint, it follows that the cause of action established by the court's findings, which was the basis of its judgment, is not the cause of action alleged in the complaint, and that the judgment must be reversed, and a new trial granted. It is so ordered.

MITCHELL, J. (dissenting).

The manner in which the case was tried in the court below and in which it was argued in this court is liable, unless the record is carefully analyzed, to lead to a decision of this appeal upon points

which are either immaterial or not in the case. It is unnecessary to label the action with any particular name, or to determine the exact relation to each other of the parties to the alleged contract. It is sufficient to say that the complaint alleges a contract which, if made, was a valid one, to wit, that defendant would write and place for plaintiff on its mill $1,000 insurance against fire in one of the companies represented by the defendant as its agent. There is no question of variance between the allegations and the proof. The evidence was such as to justify the court in finding that a complete and definite contract was entered into between the parties; and, if any such contract was entered into, the evidence is conclusive that the insurance was to be written and placed in some company which the defendant represented as agent, or, at least, that such companies were included within the terms of the contract. The evidence is also conclusive that the defendant did not perform its contract, for there is no claim that it ever placed, or attempted to place, the insurance in any company represented by it, or in any other company, or that it was unable to do so, or ever notified the plaintiff that it had not done so or was unable to do so.

The finding of the court fully covers the issue made by the pleadings and the proof. The only criticism to which the finding is subject is that it is broader than the issue tendered by the complaint, so as to include within the terms of the contract insurance companies other than those represented by the defendant as agent. Up to a certain point, the contract alleged and the contract found are coincident. The only difference between the two is that the latter contains the additional provision that, in case defendant should be unable to place the insurance in a company represented by it, it should place it in some other company. But under the state of the evidence this is wholly immaterial. As already suggested, if the court found—as it has, and was justified in doing—that there was a completed valid contract between the parties, the evidence required a finding that the defendant had failed to perform the contract as alleged, and consequently a conclusion of law that plaintiff was entitled to recover wholly irrespective of the additional

provision which the court's finding incorporated into the contract. I therefore think the judgment appealed from should be affirmed.

CANTY, J.

I concur with Justice MITCHELL.