JOHN DIAMOND v. EDWARD J. DENNISON and Another.[1]

November 8, 1907.

Nos. 15,334—(116).

**Execution of Mortgage—Evidence.**

Evidence offered on the trial for the purpose of proving the execution of a real estate mortgage, which was not produced, nor shown to have been recorded, or otherwise accounted for, considered, and *held* insufficient to establish the fact of execution.

[1] Reported in 113 N. W. 696.

**Trial of Issue—Pleading—Evidence.**

> Consent to try an issue not made by the pleadings, will not be inferred from the mere fact that evidence tending to prove the outside issue was received without objection, when it was pertinent and competent upon the issues actually made.

Action in the district court for Hennepin county to have the assignment of a certain mortgage cancelled and set aside, and to set aside foreclosure proceedings based thereon. The case was tried before Holt, J., who made findings of fact and as conclusion of law found that plaintiff was entitled to the relief prayed. for. From an order denying his motion for a new trial, Edward J. Dennison appealed. Reversed and remanded.

*Savage & Purdy,* for appellant.

*George S. Grimes* and *John Walso,* for respondent.

BROWN, J.

The facts in this case are substantially as follows: On December 23, 1899, plaintiff was the owner of the real property involved in this action, and on that day mortgaged the same to one Casper Ernst to secure the payment of a promissory note for the sum of $1,600, due on December 23, 1902. The mortgage was duly recorded on January 18, 1900. On January 19, 1900, the mortgage, together with the promissory note, was duly sold, assigned, and transferred to defendant Baart; the assignment thereof being in the usual form and recorded on February 24, 1900. Soon after the debt became due some negotiations were had by the parties looking to an extension of the time of payment by a renewal mortgage and new note for the amount then due. In furtherance of that purpose, Baart, who resided in Michigan, the then holder of the mortgage, executed a satisfaction thereof in due form of law and forwarded it to Ernst, his agent at St. Paul, in this state, to enable him to complete the renewal transaction. The trial court found in this connection that a new note and mortgage were in fact executed by plaintiff, and by his agent delivered to an agent of Ernst, who in turn delivered the old note and mortgage, together with the satisfaction thereof, to plaintiff's agent, having first marked the note "Paid." The court also

found that the original indebtedness had never been paid, except by the delivery of the new note and mortgage; so that, unless the alleged new mortgage was in fact executed and delivered, the lien of the old still exists. The new note and mortgage, if given at all, were in the name of Ernst as payee and mortgagee; but the mortgage was never in fact delivered to Baart, to whom it should have been executed. It was never recorded, nor was it produced on the trial. The new note was delivered to Baart; but it bears evidence of having been forged, and was probably not signed by plaintiff, the mortgagor. We do not say that it was not. Plaintiff was not called as a witness on the trial, and the record presents no word from him to the effect that he signed the new note or executed the second mortgage. Some time after the conclusion of the negotiations for a renewal thereof, the old note and mortgage were both returned to Baart, and he retained the same in his possession up to the time he sold and assigned them to defendant Dennison. Long after this attempted renewal Baart assigned the mortgage, together with the original note, to defendant Dennison, which assignment was recorded on February 19, 1906. On February 27, 1906, Dennison commenced proceedings for the foreclosure of the mortgage by advertisement under the statutes, after the commencement of which plaintiff filed and caused to be recorded in the office of the register of deeds the satisfaction executed by Baart as a part of the proceedings looking to the renewal of the mortgage, as already referred to. Up to the time of this record the satisfaction was in the possession of one Mahoney, who claimed to be the agent of plaintiff, and to whom the court found the original note and mortgage were delivered in exchange for the renewal note and mortgage; but, on learning the pendency of the proceedings to foreclose, Mahoney, in company with plaintiff, took the satisfaction to the register of deeds and had it recorded. The foreclosure proceedings were conducted to completion, and the sheriff's certificate of sale duly executed and recorded, whereupon this action was brought to set the same aside on the ground, as alleged in the complaint, that the mortgage so foreclosed had a long time prior thereto been fully paid. The trial court found the facts here stated, but in greater detail, and concluded as a matter of law

that the foreclosure was "unauthorized, null, and void." Judgment was directed for plaintiff accordingly. A motion for a new trial was subsequently made and denied, from which defendant appealed.

It is not clear from the record upon what theory the learned trial court disposed of the case, whether upon the issue presented by the complaint, namely, that the mortgage had been paid, or upon the fact, developed during the trial, of the record of the satisfaction after the commencement of the foreclosure proceedings, which, it is claimed, defeated Dennison's right to foreclose, though it was practically conceded on the argument that the latter was the ground of the court's decision. We are of opinion that the decision of the court cannot be sustained upon either ground.

1. The court did not specifically find that the first mortgage had been paid by the execution of a second or renewal mortgage, though it did find as a conclusion of fact that the agent of plaintiff, the mortgagor, delivered to the agent of Ernst a new note and mortgage in exchange for the mortgage foreclosed. If we are to construe this as a finding of payment—i. e., that the new mortgage was taken in discharge of the lien of the old—we discover no evidence in the record to sustain it. There is not sufficient proof that a second mortgage was in fact executed by the plaintiff, and there is also a lack of evidence, if one was in fact executed, respecting the terms of the agreement which brought it about. The plaintiff did not testify that he executed a new mortgage. He was not called as a witness on the trial, nor was the notary called who took the acknowledgment, if any was taken. The mortgage was not produced, and there was no attempt to show its contents. The statement of the agent of plaintiff that he delivered to Ernst a new note and mortgage in exchange for the old was a naked conclusion of the witness and of no probative force. It is true that there was an assignment of the supposed second mortgage made by Ernst to Baart, but that assignment was fully explained. Baart testified that no new mortgage was ever delivered to him; but, acting on the supposition that one had been taken, he obtained an assignment thereof from Ernst to protect his rights. The mortgage not having been produced on the trial, or in any way accounted for, the case stood precisely as though it had been lost, and

102 M.—20

the rule of evidence applicable to such cases applies. That rule is that the evidence of the execution of an alleged lost instrument must be clear and strong "and its contents clearly established." Towle v. Sherer, 70 Minn. 312, 73 N. W. 180; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Edwards v. Noyes, 65 N. Y. 125. If any one connected with the whole transaction, or with the case, knew of the execution of the second mortgage, it was the plaintiff in the action; and his profound silence on the subject raises a strong inference that none was in fact executed. The court was not, therefore, justified in holding that the first mortgage had been discharged by the execution of a second one.

2. If the court disposed of the case on the ground that the foreclosure was invalid because at the time of the sale thereunder the satisfaction of the mortgage was on record, thus showing a defect in Dennison's title to the mortgage and his right to foreclose the same, it was error; for no such issue was presented by the pleadings. The cause of action stated in the complaint is that the mortgage had been paid, and plaintiff sought a judgment setting aside the foreclosure proceedings on that ground. The court should have limited its findings and decision to the issue thus presented. Joannin-Hansen Co. v. W. A. Barnes & Co., 77 Minn. 428, 80 N. W. 364. But it is claimed that this issue was litigated by consent of the parties, and that defendants waived the fact that it was not pleaded. The record does not sustain this contention. This court will not presume, where the evidence is returned, that parties intended to litigate issues other than those presented by the pleadings, unless the intent clearly appears from the record. Elston v. Fieldman, 57 Minn. 70, 58 N. W. 830; Bowen v. Thwing, 56 Minn. 177, 57 N. W. 468. All the evidence offered on the trial of this case was competent and admissible under the issue of payment, and the mere fact that it incidentally disclosed the record of the satisfaction of the mortgage does not show consent to litigate the question whether such record nullified the foreclosure. Consent cannot be inferred from the fact that no objection was made to particular testimony bearing upon an outside issue, which was competent under the issues actually made. O'Neil v. Chicago, M. & St. P. Ry. Co., 33 Minn. 489, 24 N. W. 192; Payette

v. Day, 37 Minn. 366, 34 N. W. 592. This case comes within these decisions, and the court erred in disposing of it on the ground that the record of the satisfaction defeated Dennison's right to foreclose the mortgage.

It may be remarked in conclusion, though we do not determine the point, that it is doubtful whether the satisfaction, having been recorded subsequent to the record of the assignment of Dennison, is of any force or effect under the recording statutes, as against Dennison. Palmer v. Bates, 22 Minn. 532.

Order reversed, and cause remanded for a new trial.