CHARLES J. BERRYHILL v. HOMER P. CLARK AND ANOTHER.[1]

June 8, 1917.

Nos. 20,146—(43).

**Lost deed — proof of contents.**

1. A party may prove the execution and contents of a lost deed without first producing the subscribing witnesses thereto.

**Deed — evidence of intent of grantor.**

2. Where a deed was never recorded and never passed into the actual possession of the grantee, the fact that, for years after the execution of the deed, both grantor and grantee treated the property as the property of the grantee, is sufficient to show that the deed was intended to and did take effect as a conveyance.

Action in the district court for Ramsey county to recover possession of certain real estate and to determine that plaintiff was the owner thereof in fee simple. The answer admitted that defendant was in possession thereof as tenant of Margaret P. Berryhill. The latter intervened and in her complaint in intervention set up the facts relating to plaintiff's deed which are stated in the opinion and alleged that she was owner of the premises in fee simple. The case was tried before Michael, J., who made findings and as conclusion of law adjudged intervener to be the owner of the premises, without prejudice, however, to the rights of defendant Clark as her tenant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*William G. White,* for appellant.

*Yardley & Tiffany,* for respondents.

TAYLOR, C.

Plaintiff and intervener are husband and wife but apparently are not now living together. They were married in 1886 and resided at number 541 on Portland avenue in the city of St. Paul until 1903, when they removed to another part of the city. The present controversy

[1] Reported in 163 N. W. 137.

is as to whether their former home is the property of the plaintiff or of the intervener. The trial court found that it is the property of the intervener, and plaintiff appealed from an order denying a new trial.

The title was originally in plaintiff, but the court found that, shortly before the parties removed from the place in 1903, they conveyed it to one Mayo who reconveyed it to the intervener as a part of the same transaction, and was in fact a mere conduit to pass the title from the husband to the wife. Whether these deeds were in fact executed is the question in dispute. They were never recorded. Intervener testified that they were executed in plaintiff's office and that he retained them. Notice was served upon him to produce them, but he failed to do so and asserted that no such deeds had ever been executed. Thereupon the intervener proceeded to prove their execution by secondary evidence. She testified to the fact of their execution, and her claim of title to the property through them is supported by such an array of corroborating facts that we have no hesitation in saying that the evidence fully sustains the findings of the court.

The intervener testified that she saw two persons append their names to the deeds as witnesses, but that she did not know or remember who they were. Plaintiff insists that these witnesses must be called to prove the execution of the deeds before any other evidence to prove such execution can be received. As said by the trial court: "Even if this antiquated rule be held to still exist and to apply to a case like this, it is sufficiently complied with, for the intervener testified that she saw witnesses sign the deeds, but that she did not know or remember who they were. Accepting this testimony as true, she was, of course, unable to identify or produce these witnesses at the trial." We think that the absence of these witnesses is not only sufficiently accounted for, but that the rule invoked does not apply to such a case as this. Persons called in to sign a deed as witnesses are not required to know its contents, and in fact seldom do know its contents. Where the deed is produced they are able to prove its execution by identifying their signatures, but where the deed is lost their signatures are also lost, and their testimony in such cases ranks no higher than the testimony of any other witness. Even conceding that the rule would apply where the deed itself is produced, yet where the deed is lost its execution may be proven by any avail-

able evidence. Eslow v. Mitchell, 26 Mich. 500; Raynor v. Norton, 31 Mich. 210; Simmons v. Havens, 29 Hun (N. Y.) 119; Masterson v. Harris, 37 Tex. Civ. App. 145, 83 S. W. 428; Towle v. Sherer, 70 Minn. 312, 73 N. W. 180; 1 Dunnell, Minn. Dig. § 3251.

Plaintiff also contends that the evidence is not sufficient to warrant a finding that the deeds had been delivered. Plaintiff states that the rule in respect to delivery of a deed is well stated in Heiman v. Phoenix Mut. L. Ins. Co. 17 Minn. 127 (153), 10 Am. Rep. 154, as follows: "A delivery may either be actual, that is, by doing something and saying nothing, or verbal, that is, by saying something and doing nothing, or it may be by both. But it must be by something answering to one or the other or both these, and with an intent thereby to give effect to the deed." According to the testimony, the deeds were prepared by plaintiff, or at his instance, and were executed in his office and remained in his possession. If nothing else appeared, this might not be sufficient to establish an intent to have them take effect without any other or different delivery. But it appears without dispute that after the execution of those deeds insurance was placed upon the property by plaintiff in the name of the intervener; that, upon removing from the premises in 1903, they were rented by the intervener in her own name as owner and have been so rented by her ever since; that, while plaintiff collected the rentals for some years, the payments were usually made by check payable to the intervener and indorsed by her before being cashed; that several years ago, and after the relations between plaintiff and the intervener had apparently become somewhat strained, plaintiff refused to have anything more to do with the property in any way, for the reason that it belonged to the intervener; that ever since the intervener herself has taken the exclusive management of the property, without either assistance or interference on the part of plaintiff, and has rented it and collected the rentals, and has paid the taxes upon it, and has kept it insured and paid the insurance premiums, and has made improvements upon it amounting to more than $2,000, and that all these expenditures were made out of her own funds, without receiving any part thereof from plaintiff. Under the rule stated by plaintiff these facts amply sustain the conclusion of the trial court that the deeds were intended to and did go into effect. See also 8 R. C. L. 1002, § 64.

We find no other questions requiring special mention and the order is affirmed.