CHARLES HENRY BUTTRUFF v. MAUD E. ROBINSON AND ANOTHER.[1]

June 20, 1930.

No. 27,784.

*George G. Chapin,* for appellants.
*Granger, Clemens & Blethen,* for respondent.

STONE, J.

From a judgment quieting title to certain real estate in plaintiff and determining that defendants have no interest therein, the latter appeal.

The property was formerly owned by David I. Buttruff and Margaret J. Buttruff, his wife, as tenants in common. Both are now

[1]Reported in 231 N. W. 414.

deceased, the wife having survived her husband. The important finding of fact was that the Buttruffs, owning the land as tenants in common, on March 5, 1920, conveyed to one Zula Wolffe, who immediately reconveyed to the Buttruffs as joint tenants and not as tenants in common. The two deeds, if they were ever executed, have been lost. The judgment appealed from establishes them as lost deeds. Accordingly the title was adjudged in plaintiff as a devisee of his mother, Margaret J. Buttruff.

The decision and judgment depend upon the testimony of Mr. A. H. Clemens, one of the attorneys for plaintiff. He testified that he drew the deeds in question as attorney for the Buttruffs. Zula Wolffe, the third party, who on plaintiff's theory acted as a mere conduit of the title, was at the time a stenographer in the office of Mr. Clemens. She testified that she remembered such a transaction but not in detail. Mr. Clemens did not retain office copies of the deeds. He has a record of the charge made for the services rendered. His testimony is unequivocal, not only as to the fact of the execution and delivery of the deeds, the one from the Buttruffs as tenants in common to Zula Wolffe and the other from her back to the Buttruffs as joint tenants, but also as to the contents of each deed, including the description of the property.

It is true, as argued for defendants, that to establish a lost deed the evidence must be something more than a mere preponderance. It must be clear and convincing. Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Towle v. Sherer, 70 Minn. 312, 73 N. W. 180; Rogers v. Clark Iron Co. 104 Minn. 198, 116 N. W. 739; 2 Dunnell, Minn. Dig. (2 ed.) § 3275. Sound also is the argument that where an attorney does as Mr. Clemens did in this case, and without excuse or justification deliberately assumes the incompatible roles of indispensable witness and advocate, his testimony is not necessarily controlling. Hull v. Mitchell, 181 Iowa, 51, 162 N. W. 235; Eshelman v. Rawalt, 298 Ill. 192, 131 N. E. 675, 16 A. L. R. 1311. But nevertheless it is competent and its weight for the trier of the facts. There was no evidence for defendants. No circumstance is pointed to in argument, other than counsel's, furnishing the testimony

essential to his own victory, to cast doubt upon that testimony. The decision below cannot now be disturbed.

Judgment affirmed.

DIBELL, J. (concurring in result).

I concur in the result. I dissent from so much of the opinion as criticizes the attorneys of the plaintiff for permitting one of their number to testify as to essential facts in the case. If the reference to the fact that the decision cannot now be disturbed is intended as a criticism upon the failure to make a contrary finding, I do not agree, for the finding was really the proper one.