Oakley J.
I. There was no evidence of any authority by the defendant to the plaintiffs to purchase stock, of a certain character, so as to enable the jury to find any verdict in the case. The only proof on the subject was furnished by the testimony of Will-cox, who stated that the defendant told him, that he had directed the plaintiffs to purchase some stock, and had paid $200 on account. If the jury had been left to pass on this evidence, they could have found nothing. II. There was no proof, that the plaintiffs ever purchased any stock for the defendant.
None was ever transferred to the defendant on the books of the bank.
*166 2. The power of attorney spoken of by Robinson, (and which he merely presumes must have existed,) if it existed at all, is shown to have been in the hands of the plaintiffs, aud they ought to have produced it. Parol evidence of its contents was incompetent, and there was therefore no proof at all of the pretended sale by Robinson to the plaintiffs.
3. There was no stock in existence, which was the pretended subject of the sale. Robinson had none, and Lawrence and Gouvemeur, for whom he pretended to act, had none.
It is clearly, as the case stands, a void transaction, within the act relative to stock-jobbing. That act makes entirely void (2 R. L. 187, s. 18,) all contracts for the sale of the stock of any Trank, unless the seller, at the time of the contract, shall be in the actual possession of the certificate of such stock, or otherwise entitled to the same in his own right, or duly authorized by some person so entitled, to transfer such certificate. If Robinson, therefore, or Gouverneur and Lawrence, who were the pretended sellers of the stock, were not entitled to any on the day of the sale, and were not possessed of any certificate of stock, t.he whole contract between the plaintiffs and Robinson was illegal and void. The proof shows, that neither of them at the time had any stock standing in their names in the books of the bank, and there was no evidence of any certificate of stock in the names of either. Robinson does not pretend to say that he had any, and he must have known the fact, if it had been so.
The affair was manifestly a mere stock-jobbing transaction, and if the proof had shewn that the plaintiffs acted on it, in pursuance of any authority from the defendant, the whole proceeding being illegal, the plaintiffs could not call on the defendant to refund them the money paid on the pretended purchase. No right of action could accrue to the plaintiffs from their own violation of the law; much less can the plaintiffs claim to have made the purchase for the defendant, when it is evident, that if he can give any authority to purchase at all, he must be presumed to have authorized a legal purchase onty.

Motion to set aside nonsuit denied.

*167 Note.—The Court rested their judgment on the ground, that there was no evidence to show that the defendant had authorized the purchase of the stock, so that the jury could have found a verdict on the proof as it stood.
[Ward and Hoyt, Att'ys for plffs. W. A. Seely, Att’y for deft.]