TIMOTHY O'NEIL *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

## July 1, 1885.

**Practice—Defence Outside of Issues—Waiver of Objection.**—No consent on part of plaintiff to litigate a defence outside of the issues made by the pleadings can be inferred from the mere fact that the defendant was permitted, without objection, to ask a witness a question which, although bearing upon such defence, would also be competent under the issues actually made.

**Infant—Assignment of Claim for Wages.**—A minor performed services for another, and assigned his claim for wages. It did not appear that his father was living when the services were performed, or, if so, that the services were contracted for by him, or that he made any claim for the money due for them. *Held,* that the assignee was entitled to recover.

Appeal by defendant from a judgment of the district court for Dakota county, where the action was tried before *Crosby,* J., and a jury.

*W. H. Norris,* for appellant.

*Hodgson & Schaller,* for respondent.

MITCHELL, J. Action to recover for services as conductor, performed by one Dean for defendant, the claim for which it is alleged Dean had assigned to plaintiff. The answer admits the performance of the services by Dean, and their price or value. Aside from a set-off pleaded in the answer, the only issue under the pleadings was as to the fact of the assignment by Dean to the plaintiff. On that point the oral testimony of Dean, which is uncontradicted, was ample.

In the course of the examination of Dean as a witness by defendant, it appeared that, at the time these services were performed by him, he was a minor. From this fact defendant contends that his wages belonged to his father. It is sufficient answer to this to say that there was no such issue under the pleadings. Dean's title and right to the money was conceded. The cases cited to the effect that, where evidence is permitted to be given without objection on both sides as to a defence or issue not set up or made by the pleadings, the defendant is entitled to the benefit of the defence as if it had been

regularly set up, have no application to the facts of this case.   No consent on part of plaintiff to litigate an issue entirely outside of the pleadings can be inferred from the mere fact that defendant was permitted to ask Dean his age.   A question of that kind might have been asked for various purposes entirely inside of the issues made by the pleadings.   But in any event there is nothing in the point.   It did not appear that Dean's father was living, or, if so, that the services in question were contracted for by him, or that he made any claim for the money due for them.   *Nightingale* v. *Withington*, 15 Mass. 272.

Judgment affirmed.