SUMNER W. FARNHAM and another *vs.* JOSEPH H. MURCH.

January 3, 1887.

**Sale—Action for Price—Pleading—Evidence of Payment.**—Where, in an action to recover for a bill of lumber alleged to have been sold to the defendant, the answer consisted of a denial only, and contained no affirmative allegations of payment or otherwise, and upon the trial plaintiffs' account, introduced in evidence without objection, was receipted as paid by the acceptance of a third party, which plaintiffs' evidence in explanation showed was never paid, *held*, that such receipt and acceptance became immaterial under the pleadings, and were not available to defendant as evidence of payment.

Evidence *held* sufficient to make a case for the jury.

Plaintiffs brought this action in the district court for Hennepin county, to recover the price of lumber sold, as alleged, to defendant. The defence was a general denial.    At the trial, before *Young, J.*, the evidence showed that the lumber was bought for use and was used in building the fence and grand stand at the grounds of the Minneapolis Base-Ball Association, of which the defendant was a director, and the principal question was whether the sale was made to the association or to the defendant.    The plaintiffs had a verdict, and the defendant appeals from an order refusing a new trial.

*Weed Munro,* for appellant.

*Miller, Young & Miller,* for respondents.

VANDERBURGH, J. There was evidence sufficient to send the case to the jury upon the issue of the sale of the lumber in question to the defendant. The plaintiffs' agent testified that he was applied to for lumber for the use of the base-ball association by the defendant and others, and that he distinctly informed them that he would not sell to the association, or others with whom he was not acquainted, but that he knew Murch, the defendant, and was willing to sell him the lumber, and to this, his understanding is, the defendant assented, and the lumber was accordingly delivered upon his credit, and charged to him. He thinks the defendant expressed his assent to the proposition to sell to him by saying, "All right," or to that effect. And upon his re-examination he states that defendant did not, at the time, by any expression or sign, manifest his dissent.

There was no error in receiving this last evidence. It was to be taken in connection with his previous testimony, and was proper for the consideration of the jury. The evidence of the witness Reid was properly received in corroboration of the first witness, though he did not hear all the conversation.

Evidence that the defendant turned over to the treasurer of the base-ball association the bills of the lumber sent to him was rejected as immaterial. In this there was no error, and certainly no prejudice, because the fact afterwards appeared in evidence without objection, and the nature of the bills so sent was well understood by him.

The bill of this lumber was introduced in evidence by plaintiffs, and purported to be receipted for as follows, viz.: "Rec'd payment by 60 days' acceptance from date." This acceptance, it appeared by the evidence, was by the base-ball association, and was never paid. It was introduced in connection with the evidence of the witnesses Crombie and Reid, the latter of whom testified that it was drawn on the association at the suggestion of Murch; and the former that he applied to the defendant to indorse it, and the latter offered to do so if two other persons would indorse it with him, who, he claimed, were equally liable with him. There was no other evidence, however, of their liability. This matter thus came into the case incidentally, and was properly allowed to be explained. There was no plea or issue of payment in the case, and the defendant is not entitled, under

the pleadings, to avail himself of these exhibits as evidence of payment. See *Livingston* v. *Ives,* 35 Minn. 55, (27 N. W. Rep. 74;) *City of Winona* v. *Minn. Ry. Construction Co.,* 27 Minn. 415, 425, (6 N. W. Rep. 795, and 8 N. W. Rep. 148.)

The trial judge was satisfied with the verdict, and we discover no abuse of discretion in his refusal to set it aside on the ground that it is against the weight of the testimony.

Order affirmed.