GEORGE PAYETTE *vs.* JAMES W. DAY.

October 28, 1887.

**Trial—Evidence—Issue not made by Pleadings.**—Evidence pertinent to the issues made by the pleadings cannot be considered upon an issue not made therein, although it would have been pertinent to such issue if it had been made. The fact that such evidence was received without objection implies no consent by the opposite party to try any such issue, especially when inconsistent with the admissions of the pleadings themselves.

Action for slander. Appeal by defendant from a judgment of the district court for Hennepin county, where the action was tried before *Rea*, J., and a jury, and plaintiff had a verdict of $750.

*D. A. Secombe*, for appellant.

*Albert F. Foster*, for respondent.

MITCHELL, J.  Action for slander, for maliciously uttering of and concerning plaintiff the false charge that he stole defendant's adze. The answer does not controvert, either by denial or justification, that the words were uttered, and that they were false, but, in mitigation, denies that they were uttered maliciously, and alleges that the defendant had, at the time they were alleged to have been uttered, probable cause and good reason to believe, and did believe, that plaintiff had stolen his adze.  The bill of exceptions states that, upon the trial, evidence was introduced tending to prove that, at the time of speaking the alleged slanderous words, the defendant had probable cause and good reason to believe, and did believe, that plaintiff stole his adze; "*which said evidence* also tended to prove that the plaintiff did steal said adze."  Thereupon defendant requested the court to charge the jury that if, from said evidence, they believe that plaintiff stole defendant's adze, they should find for defendant.  The court refused so to charge, upon the ground that the truth of the slanderous words was not in issue under the pleadings.  In this the learned court was clearly right.

The allegation of the complaint that the words were false, not having been controverted by the answer, stood, for the purposes of the trial, as admitted to be true.  So far as the bill of exceptions shows, the trial was conducted throughout on this theory.  Presumably (and such is the fair construction of the language of the bill of exceptions) the evidence referred to was introduced, not for the purpose of proving that the words were in fact true, but merely that the defendant had good reason to believe, and did believe, them to be true.  This was entirely consistent with the admission that they were in fact false. The fact that the evidence introduced for this purpose (which was pertinent to the issues made by the pleadings) might also tend to prove that the words were true in fact, has no tendency to show that plaintiff consented to try an issue as to the falsity of the words spoken, which was not only outside of the issues made, but stood admitted by the pleadings themselves.  *City of Winona* v. *Minn. Ry. Construction Co.*, 27 Minn. 415, 427, (6 N. W. Rep. 795, and 8 N. W. Rep. 148;)  *O'Neil* v. *Chicago, Mil. & St. Paul Ry. Co.*, 33 Minn. 489, (24

N. W. Rep. 192;) *Livingston* v. *Ives*, 35 Minn. 55, (27 N. W. Rep. 74.) This is not a case of variance between the allegations and the proof, and which the court might disregard. It was simply a case where evidence pertinent to the issues made by the pleadings tended also to prove a fact, not only outside of those issues, but inconsistent with the solemn admissions of the pleadings themselves. The defendant had no right to have the jury consider the evidence for any such purpose, and the court was right in refusing his request.

Judgment affirmed.