HOLWAY FERGESTAD *vs.* INGER M. GJERTSEN and Husband, impleaded, etc.

June 23, 1891.

**Mechanic's Lien—Findings—Evidence.**—The findings of fact, made by the court below in the trial of an action brought to foreclose a mechanic's lien, *held* to have been supported by the evidence.

**Application for Finding on Issue not made by Pleadings.**— *Held, further,* that an application by the defendants for an additional finding of fact was properly denied by the court as not within the issues tendered by the pleadings.

**Same—Effect of Trying such Issue without Objection.** — Although such an issue may have been tried by the parties without objection, the testimony bearing thereon cannot be used to justify the making of or to support a finding as to such an issue, if the testimony in question was pertinent on any of the issues presented by the pleadings.

Appeal by defendants Inger M. and John C. Gjertsen (impleaded with John W. Shakleton) from an order of the district court for Hennepin county, refusing a new trial after a trial before *Hooker*, J., and judgment ordered against Shakleton for $206.45, and making the same a specific lien on real estate of defendants Gjertsen, and directing a sale, etc.

*Gjertsen & Rand,* for appellants.

*John H. Long,* for respondent.

COLLINS, J.   Action to foreclose a mechanic's lien.   Plaintiff claims to have been a subcontractor under defendant Shakleton, with whom defendants Gjertsen, husband and wife, had contracted for the erection of a dwelling-house upon a lot belonging to them.   In his complaint the plaintiff alleged that he furnished all of the materials, and performed the greater part of the labor, under a written contract with Shakleton, in which the price therefor was agreed upon and fixed; and also that he performed extra labor, reasonably worth a certain sum.   There was also an allegation as to the reasonable worth and value of the entire labor and materials.   The defendants Gjertsen, by their answer, admitted that plaintiff had furnished ma-

v.46M.—24

terials and performed labor in the construction of the building, but denied that the same were of the value or were reasonably worth the sum stated in the complaint, and also denied that the materials were furnished, or the labor performed, under a contract made between plaintiff and Shakleton. The answer set forth that said materials and labor were reasonably worth and of the value of a stated sum, much less than that claimed by plaintiff; and also averred that he had been paid on account more than said sum. These allegations in the answer made up the real issues in the case, although there were general denials, and it was specially alleged that no contract whatsoever was made by or existed between the Gjertsens and Shakleton. On the trial of the case it was admitted that before the plaintiff commenced his work, a contract had been entered into between Shakleton and the Gjertsens for the erection of the house, in which there was a stipulation that there should be no underletting or subcontracting without the written consent of the owners. The plaintiff claims that he commenced his work under a written contract with Shakleton, and such a contract was received in evidence. A few days afterward the contract between Shakleton and the Gjertsens was cancelled, and then Mr. Gjertsen called upon plaintiff, who was at work upon the house, and, after informing him of the situation of affairs, expressly waived the stipulation in the contract respecting underletting and subcontracting, authorizing plaintiff to proceed with the work. From that time on the Gjertsens seem to have dealt directly with plaintiff, superintending the work to some extent, and paying to him or upon his order the amount which the plaintiff admits he has received in his complaint. Although the defendants entered into a second contract for the construction of the house immediately after the cancellation of the first, the same being with Shakleton's wife and containing the same stipulation, it was undisputed upon the trial that as to all work performed and materials furnished by plaintiff the Shakletons were ignored by all parties; and from the testimony it quite clearly appeared that the plaintiff was entitled to a lien upon the premises for some amount at least. In fact, the defendants upon the trial offered to pay him a certain sum with accrued costs,—about $200 less than the amount claimed. The most seri-

ous dispute was as to what was said and done when the clause in the contract was waived, and the plaintiff authorized to proceed with the work, by Mr. Gjertsen, of which we will speak hereafter.

The findings of fact included one to the effect that the work was done and the materials furnished at a stipulated price, under a contract made with Shakleton. There was another finding, based upon testimony introduced without objection, that the work and materials were reasonably worth and of the value of a specified sum, the same in amount as the contract price. Both findings were justified by the testimony, and upon either, with the other findings, the plaintiff was entitled to judgment as ordered. But the defendants attempted to obtain an additional finding of fact as to what transpired when Mr. Gjertsen called upon plaintiff, and, after some conversation of the character before stated, authorized him to proceed with the work. The defendants insist that they were entitled to this finding, and that, had it been made, it would, by way of estoppel, have precluded the plaintiff from recovering judgment for more than the amount offered by them upon the trial. The trial court refused to make the additional finding, and such refusal is made prominent in the assignments of error. There was no error in this refusal, for the finding demanded was not within the issues made by the pleadings, and, had it been made in the exact form demanded, an estoppel *in pais* would not have been created. An examination of the authorities as to what representations will constitute such an estoppel will prove conclusive upon this point. See *Stevens* v. *Ludlum, supra,* p. 160, and cases cited. The defendants contend that the finding in question would have been justified from the testimony before referred to as to what transpired when Mr. Gjertsen informed the plaintiff of the condition in the Shakleton contract, and at the same time waived it in his case. Mr. Gjertsen testified that he was informed by the plaintiff that the work was to be done and the materials to be furnished for a sum not exceeding $500, according to plaintiff's contract with Shakleton, and that he then informed the plaintiff that he might proceed with the work if the cost thereof would not exceed the sum mentioned; otherwise he could not go on with the work. This testimony was controverted by the plaintiff, but, giving it full credence,

it would no more than warrant a finding to the effect that the work was to be done and the materials to be furnished for a sum not exceeding $500, under an express agreement made between the plaintiff and Mr. Gjertsen. There was no such agreement or contract alleged in the answer, and hence the finding would not have been within the issues. It may be suggested that such an issue was made on the trial, without objection, although not tendered by the pleadings, and hence a finding thereon would be proper. The testimony in question tended to show the reasonable worth and value of the work and materials, that being in issue between the parties; and it cannot be used to justify the making or to support a finding not within the issues presented by the pleadings.

The remainder of appellants' assignments of error are without merit.

Order affirmed.

NOTE. A motion for a reargument of this case was denied June 30, 1891.