TIMOTHY A. BOWEN *vs.* MARY A. THWING *et al.*

Argued Jan. 4, 1894. Affirmed Jan. 12, 1894.

No. 8502.

**Consideration for the contract of a surety.**

Where, at the time of a loan by A. to B., to be secured by the note of B., with C. as surety, whose signature B. agrees to procure, the loan money is advanced, and B. signs and delivers the note to A., who subsequently hands it back to him to procure the signature of C., and the latter, at B.'s request, signs, and it is delivered to A., C.'s signing is to be referred to the agreement of B. with A., and there is a consideration to support C.'s undertaking as surety.

**Consent not shown to try issues not made by the pleadings.**

Case *held* not to show consent to try an issue not made by the pleadings.

Appeal by defendant, Mary A. Thwing, from an order of the District Court of Hennepin County, *Seagrave Smith,* J., made August 5, 1893, denying her motion for a new trial.

On November 1, 1888, the plaintiff, Timothy A. Bowen, loaned to Joseph E. Thwing $4,080.50 and took his promissory note therefor due in one year and bearing interest at the rate of eight per

v.56M.—12

centum per annum. Mary A. Thwing his wife soon after wrote her name on the back of the note as surety, and thereby became a joint maker with him. He agreed she should do this when he borrowed the money. This action was commenced, February 7, 1893, on the note, against both. She answered, claiming (1st) there was no consideration for the signature to the note, (2nd) that her husband afterwards in May, 1889, made an agreement with plaintiff without her knowledge or consent, whereby plaintiff, knowing her to be merely a surety, extended the time of payment of the note one year from the date of such agreement, and (3rd) that her husband had paid $1,500 on the note. The husband answered setting up a counterclaim. On the trial May 12, 1893, the jury rendered a verdict for the plaintiff against both defendants for $4,800. The wife moved for a new trial, but was denied and she alone appeals.

*Boardman & Boutelle* and *George Thwing,* for appellant.

*F. V. Brown,* for respondent.

GILFILLAN, C. J. There was no question but that the appellant executed the note as surety for the other maker.

In her answer she alleges several matters of defense: First, that she executed the note without consideration; second, that, without her knowledge or consent, the payee and principal maker agreed to extend the time for paying the note for one year; third, that $1,500 had been paid on the note.

As to the inception of the note, and the appellant's signing it, the jury might, upon the evidence, find either that the loan for which the note was given was completed, and the note executed and delivered, without any reference to the appellant becoming surety, her signature being subsequently requested and given as an afterthought, and the court instructed that, if they so found the fact, their verdict should be for the appellant; or they might find that, when the loan was made, it was agreed between the principal and payee that, in consideration thereof, the former should procure the appellant's signature to the note, and the note was then signed by the principal, and handed to the payee, who afterwards handed it back to the principal, to procure appellant's signature, and, when it was procured, the note was redelivered to

the payee, and the court instructed the jury that, if they found these to be the facts, appellant was liable as surety. And this was a correct instruction.

It is not necessary, of course, that the consideration to sustain a surety's undertaking should run to the surety. It may be, and generally is, paid to the principal. It is enough if the creditor rely on the surety. It is true that the agreement that the surety should sign in this case was not made with her, and until she signed she was in no way bound by it; but, as any one who executes a contract binding on its face must be presumed to do so in order to bind himself, her signing must, if necessary to bind her, be referred to what took place when the note had its inception,—to the agreement then made by the principal that she should sign. In signing, she in fact carried out that agreement, and she must be conclusively presumed to have so intended when she signed,—to have intended to carry out any agreement with respect to her signing which the principal, who requested her to sign, had made. *Wheelright* v. *Moore*, 2 Hall, 162; *McNaught* v. *McClaughry*, 42 N. Y. 22; *Moies* v. *Bird*, 11 Mass. 436.

One assignment of error is based on the proposition that by the principal subsequently giving to the payee a $1,500 note, with the understanding that, when paid, it should apply as a payment on the note in suit, and by renewal of the $1,500 note, which carried it beyond the maturity of the note in suit, there was an extension of the time for payment of that amount of the note in suit, without appellant's consent.

The answer presents no such issue as an extension of the time for payment of part of the note, and the case does not show the parties consented to try such an issue, or any issue but those made by the pleadings. The evidence with respect to the $1,500 note and its renewal was all admissible upon the written issues,—the issues as to extension upon the whole of the note, and of payment,— so that its admission without objection does not show consent to try any issue not in the pleadings.

From the evidence the jury might find an agreement to extend the time for paying the whole for a year, or they could find there was no such agreement, but they could not find an extension for any less time than a year; so that, within the evidence, the court

was correct in charging that, unless they found an agreement to extend for a year, that defense was not made out.

No other assignment of error need be specially mentioned.

Order affirmed.

(Opinion published 57 N. W. Rep. 468.)

Application for reargument denied January 23, 1894.