J. W. HOSTETTER v. ILLINOIS CENTRAL RAILROAD COMPANY.[1]

March 27, 1908.

Nos. 15,441—(137).

**Evidence—Objections.**

When evidence is received as pertinent to the issues in a given case, and that evidence would also be pertinent to another issue, which might have been, but was not, made by the pleadings, its reception is no waiver of the objection to such other issue. Livingston v. Ives, 35 Minn. 55, approved and applied.

**Allegation of Negligence.**

A complaint alleged that plaintiff was engaged with a crew of workmen in picking up steel rails scattered alongside the track and loading them on cars which were moved immediately in front. The allegation of negligence was as follows: "That in so doing, by reason of the negligence and carelessness of the said superintendent or the overseer in such work, and by reason * * * of the negligence and carelessness of other servants and employees of said defendant, who were operating and moving said locomotive engine * * *." It is *held* that this complaint charged negligence only on the part of the superintendent and of the servants who were engaged in moving and operating the engine, and not on the part of the crew.

**Trial of Issues.**

The fact that the evidence introduced which tended to establish these bases of liability charged by the complaint also tended to prove negligence on the part of the crew did not necessarily constitute voluntary litigation of the issues of negligence of the crew, which was not pleaded.

**Submission of Issue.**

The submission to the jury of the negligence of the crew as a distinct basis of recovery, despite defendant's adequate request to charge to the contrary, is *held* to have been reversible error.

Action in the district court for Freeborn county by the parent of a minor son, Arthur Hostetter, to recover $2,000 damages for personal injuries. The case was tried before Kingsley, J., and a jury which rendered a verdict in favor of plaintiff for $1,600. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

[1] Reported in 115 N. W. 748.

*S. D. Catherwood,* for appellant.
*Lovely & Dunn,* for respondent.

JAGGARD, J.

This action was brought by appellant, in behalf of his minor son, hereinafter referred to as the plaintiff, against defendant railway company, to recover for injuries sustained by him while engaged upon defendant's line of road. A train was in charge of a conductor, with the usual crew, head and rear brakeman, engineer, and fireman. The work was under the control and direction of the road supervisor. A gang of workmen, consisting of twenty two men, of whom plaintiff was one, and a foreman, was engaged in picking up steel rails scattered along the side of the track. In doing this the train would move from place to place, so as to place the flat car to be loaded opposite a rail, and stop. The men, distributed along the rails, would upon orders of the foreman successively "pick it [a rail] up," "raise it," and "heave it." On signal from the conductor or brakeman, and not otherwise, the train would move to the next rail. The foreman never gave any signal to the engineer. There was testimony tending to show the following facts, which, for present purposes, it must be assumed that the jury found: The train was stopped. The foreman had given orders to "pick it up" and "raise it." The other order, "heave it," had not been given. While the men were in position, with the rail over their heads, ready for the third order, standing close to the car, the train suddenly moved, whereupon the men threw the rail without order, to get away from the car. In so doing plaintiff's hand was injured. Upon these facts the court submitted to the jury these questions in the main: "(1) Did the train move? and, if such movement caused the injury, the defendant was liable. (2) Did the foreman fail to give the proper order at the proper time, thereby causing the accident? and, if so, the defendant was liable. (3) If the train did not move, did the members of the steel gang, except the plaintiff, prematurely deposit the rail, thereby causing the accident? then the defendant was liable." The jury returned a verdict for plaintiff for $1,600. From the order denying the alternative motion for judgment notwithstanding the verdict or for a new trial this appeal was taken.

One basis of the assignments of error is that the negligence of the

members of the steel gang as a basis of recovery was improperly submitted to the jury, because not within the allegations of the complaint. The allegations of the complaint involved are as follows:

"6. That said crew of twenty five men were under the direction of one Harry Sullivan at said time, and that, while the said Arthur Hostetter was so engaged at work with said crew of men, he was grievously injured through the negligence of said defendant, its agent and servants, other than himself, in the manner following; that is to say: 7. "That said Arthur Hostetter was required, with others of said crew and in concert with them, as soon as the cars and engine had stopped, to take on a rail, and upon the directions of the said overseer throw the same upon one of the cars. That in doing this work the said Arthur Hostetter and others did seize a rail, lift the same, and attempt to throw it upon the car on which said rails were being placed, and that in so doing, by reason of the negligence and carelessness of the said superintendent or the overseer in said work, and by reason * * * of the negligence and carelessness of other servants and employees of said defendant who were operating and moving said locomotive engine, one of the rails was thrown violently upon the car, whereby the rail of which the said Arthur Hostetter had properly seized when about his work was suddenly and violently jerked from his hand, which was pushed upon a rail beneath so violently that the left hand of said Arthur Hostetter was struck and thereby crushed, and the two middle fingers thereof were so seriously injured and bruised that they had to be amputated, which said injuries were received without fault on the part of the said Arthur Hostetter, but solely by reason of the negligence of the said superintendent in failing to give the proper orders at the proper time, and of said defendant's servants and their negligent acts while engaged in said work as aforesaid."

The natural and necessary construction of this complaint is that the only acts of negligence alleged are (1) that of the superintendent; (2) that of the servants who were engaged in operating and moving the engine. The allegation of negligence in subdivision 6 is expressly restricted to the more specific allegation in subdivision 7. The allegation in the latter part of subdivision 7 is correspondingly restricted to the negligent acts of the servants "as aforesaid"; i. e., of the super-

intendent or overseer and of the operatives who were moving the said locomotive engine. If this were all there were to the case, no fair doubt could arise that the assignments of error addressed to this point were well taken.

Plaintiff has urged with much force, however, that the issues have been voluntarily litigated. He insists, inter alia, that the original complaint did not contain the words "who were operating and moving said locomotive engine," but that, upon suggestion that the complaint was not broad enough to admit evidence of the moving, an amendment was made by consent of the parties in which the words above quoted were written in the original complaint by counsel in the case, now dead. It will be seen that as a result the pleading at this particular point was narrowed rather than broadened. As the complaint originally stood there could be no reasonable question that negligence of the fellow servants was clearly charged. The difficulty with the suggestion is that, while without doubt the facts on which it rests were truthfully stated, they do not appear in this record. The only reference to them which we have been able to find—and none whatever has been pointed out to us—is the refusal of the plaintiff to stipulate that certain interlineations had been made before the present trial. The record controls this appeal. The suggestion must be eliminated. Attention has been directed to no testimony—and we have not been able to find any—in which defendant could have been fairly said to have consented to litigate issues not raised by the pleadings. On the contrary, in the very colloquy between the counsel and the court to which plaintiff expressly refers, the defendant objected to the admission of certain testimony on the ground that the proffered evidence was "not within the issues." At the close of the trial defendant requested the following instruction:

"The jury are instructed that there is no allegation in the plaintiff's complaint alleging any negligence upon the part of any of the members of the gang, except the foreman, engaged in picking up and loading the rails, and that the plaintiff cannot recover in this action upon the ground of any such negligence, if any there be, even though it may have contributed to the injury."

The terms of this request to charge are clear, certain, and adequate for the purpose. Nor did the evidence introduced by the defendant

concerning the movement of the crew by any fair construction legally tend to do more than to disprove the two grounds of negligence alleged. Throughout the case the proof or disproof of these bases of liability necessarily involved all that happened, including what the crew had done.

The mere fact that defendant did not object to the evidence offered, or that it itself introduced evidence tending to establish or to disprove the issues not pleaded, does not show that defendant consented to litigate other questions not within the pleadings. That these facts tended to establish or deny some other proposition not within the pleadings, viz., the one now directly under consideration, did not constitute voluntary litigation. In Livingston v. Ives, 35 Minn. 55, 58, 27 N. W. 74, 75, Berry, J., said: When evidence is received as pertinent to the issues in a given case, and which would also be pertinent to another issue which might have been, but is not, made by the pleadings, its reception is no waiver of an objection to the consideration of such other issue. And see City of Winona v. Minnesota Ry. Const. Co., 27 Minn. 415, 6 N. W. 795, 8 N. W. 148; O'Neil v. Chicago, M. & St. P. Ry. Co., 33 Minn. 489, 24 N. W. 192; Mahoney v. St. Paul, M. & M. Ry. Co., 35 Minn. 361, 29 N. W. 6; Farnham v. Murch, 36 Minn. 328, 31 N. W. 453; Payette v. Day, 37 Minn. 366, 34 N. W. 592; Fergestad v. Gjertsen, 46 Minn. 369, 49 N. W. 127; Bowen v. Thwing, 56 Minn. 177, 57 N. W. 468; Williams v. Mechanics, 54 N. Y. 577. The "fact that counsel did not object to the complaint on other grounds, and attacked its sufficiency on other grounds," did not thereby "waive all objections which he did not see fit to interpose." It would have been idle to have objected to evidence of the conduct of the crew as not admissible under the pleadings, when it was clearly proper under the issues raised. In order to hold that a party has voluntarily litigated an issue not pleaded, such fact must appear with at least reasonable clearness from the record. This is familiar and elementary. Dunnell, Minn. Pr. § 1853.

It follows that in this case the material issue was submitted to the jury as ground of recovery which was not within the allegation of the complaint and was not voluntarily litigated. Defendant's position in this regard was made sufficiently explicit in the court below.

The conclusion that the new trial must be granted is inevitable. In

view of this conclusion it would be obviously improper to consider the other questions raised, beyond the expression of the opinion that none of the other assignments of error were well taken, and that plaintiff had a right, on proper allegation and proof, to recover on proof of any or all of the other grounds of negligence referred to in this opinion.

Reversed and new trial granted.