## HOWARD LANKESTER v. ISAAC FINE.[1]

October 27, 1916.

Nos. 20,091—(71).

**Pleading — general denial — proof of accord and satisfaction.**

> Under a general denial defendant could not prove that the payment admitted in the complaint was accepted as in full for services reasonably worth more than the payment, or, in other words, an accord and satisfaction.

Action in the district court for Carver county to recover $68 for professional services. The answer was a general denial. The case was tried

[1] Reported in 159 N. W. 622.

Note.—As to effect of acceptance of remittance of part of the amount of an unliquidated or undisputed claim, accompanied with the statement that it is "in full" or words of similar import, as assent to its receipt in full payment, see notes in 14 L.R.A.(N.S.) 443; 27 L.R.A.(N.S.) 439.

before Morrison, J., and a jury which returned a verdict for $58. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Francis Muekel,* for appellant.

*Harold A. Welch,* for respondent.

PER CURIAM.

The complaint alleged that plaintiff at defendant's special instance and request performed professional services for which defendant agreed to pay the value. It alleged the value to be $118, and alleged that no part thereof has been paid except $50. The answer was a general denial. The court held that the only issue for the jury was the value of the services and that under the general denial in the answer defendant could not prove payment. Irrespective of the application of the rule of pleading stated in Farnham v. Murch, 36 Minn. 328, 31 N. W. 453, where the complaint alleged nonpayment and the answer was a general denial (First Nat. Bank of Shakopee v. Strait, 71 Minn. 69, top of page 75, 73 N. W. 645, and Dunnell, Minnesota Pl. § 831), the court was clearly right. Defendant did not propose to prove any other payment than the $50 alleged in the complaint. His only contention was that this sum was accepted as payment in full for the services, and that the check wherewith it was paid contained below the signature the words "payment in full." No evidence was offered that the services were worth less than testified to by plaintiff. It thus appears that defendant attempted to prove accord and satisfaction, and certainly that could not be done under the general denial of indebtedness in the answer. No application was made to the court for leave to amend after the court unequivocally announced his ruling that the check would not be received to prove payment in full or accord and satisfaction.

There is nothing in the point of variance. The services were rendered in treating defendant's nine year old daughter at his request.

The order denying defendant a new trial is affirmed.