# FRANK BURKEL v. PRO-VID-ALL MILLS, INC.

141 N. W. (2d) 143.

March 11, 1966—No. 39,777.

*T. C. Waldron,* for appellant.
*Donald Shanahan* and *Brink & Sobolik,* for respondent.

OTIS, JUSTICE.

This is an action for wages based on a claim by plaintiff that de-

fendant feed company agreed he could be paid out of the proceeds of the sale of turkeys raised by his father, George Burkel, and on which defendant held a chattel mortgage. The jury returned a verdict in favor of plaintiff and defendant appeals.

Plaintiff worked for his father in the turkey business for several years, but after a disastrous season in 1961, when George Burkel became indebted to defendant in the sum of $80,000, plaintiff secured employment elsewhere. He returned for the 1962 season at an agreed salary of $4,000 of which $1,100 was actually paid by his father.

The dispute which gives rise to this litigation involves the issues of (1) whether defendant's representative made an oral agreement to pay plaintiff out of the proceeds of the 1962 sales; (2) whether he had apparent authority to do so; and (3) whether such an agreement is governed by the statute of frauds.

■ George Burkel testified that on March 3, 1962, he and plaintiff conferred with Robert Armour, an employee of defendant, concerning the wages plaintiff was to receive, and that Armour then agreed that plaintiff could be paid out of the "proceeds" of the turkey operation. Plaintiff's testimony was to the same effect. Armour categorically denied any agreement other than that payment was to be out of "profits." It is clear that for practical purposes George Burkel was insolvent at the end of the 1961 season. To prevent the bank from putting him out of business, the defendant took over his obligations. The 1962 season started with little chance of defendant's recovering the $80,000 Burkel owed unless he were permitted to continue his operations and experienced a profitable year. Under these circumstances the defendant had as much at stake as Burkel in the efficient management of the turkey farm. Plaintiff had considerable experience in raising turkeys, but in view of his father's precarious financial situation had left for more secure employment elsewhere. It seems unlikely he would have returned without some firm assurance of getting paid from "proceeds," since he had pressing family obligations of his own. Under all of these circumstances, we believe the jury was justified in finding that Armour entered an oral contract with plaintiff from which defendant was also to benefit.

■ There is little evidence that Armour had actual or implied authori-

ty to enter an oral agreement with plaintiff.[1] Defendant earnestly contends the record does not support a finding of apparent authority; that there was no showing Armour was held out as having such authority;[2] and plaintiff made no effort to inquire from defendant the extent of his actual authority.[3]

The evidence of apparent authority is not strong. However, we believe it is adequate to support the jury's finding. It appears that Armour was the only person with whom George Burkel did business until December 1961, when he discussed his problems with officers of the company. It was Armour who negotiated and arranged the execution of all of defendant's contracts. While the officers asserted that Armour had no authority to execute or agree to a contract other than one prepared and submitted by them, they conceded that he was the representative who usually "finalized" the turkey contracts and signed up the growers. The argument that Armour had not previously entered into this kind of an agreement loses some of its force in the light of George Burkel's testimony that defendant's officers in December 1961 made him substantially the same offer.

■ Defendant invokes the statute of frauds, Minn. St. 513.01(2), which provides:

"No action shall be maintained, in either of the following cases, upon

---

[1] Lending some weight to the claim that Armour was thus authorized was the testimony of a banker who stated it was his understanding from defendant's officers that plaintiff's wages were to be paid out of the proceeds of sales, although he acknowledged he was later informed by defendant that his understanding was incorrect.

[2] Jackson v. Mutual Benefit Life Ins. Co. 79 Minn. 43, 46, 81 N. W. 545, 546, 82 N. W. 366; Dispatch Printing Co. v. National Bank of Commerce, 109 Minn. 440, 450, 124 N. W. 236, 240, 50 L. R. A. (N. S.) 74, 82; Dispatch Printing Co. v. National Bank of Commerce, 115 Minn. 157, 162, 132 N. W. 2, 4; Sauber v. Northland Ins. Co. 251 Minn. 237, 245, 87 N. W. (2d) 591, 598; Frank Sullivan Co. v. Midwest Sheet Metal Works (8 Cir.) 335 F. (2d) 33, 40.

[3] Ermentrout v. Girard F. & M. Ins. Co. 63 Minn. 305, 309, 65 N. W. 635, 637, 30 L. R. A. 346.

any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith.

\* \* \* \* \*

"(2) Every special promise to answer for the debt, default or doings of another."

Although the statute was not pleaded as required by Rule 8.03, Rules of Civil Procedure, defendant objected to evidence of any oral agreement, intending apparently to invoke the parol-evidence rule but without specifically referring to it as such. The court recognized that the defense was available to defendant but charged the jury that the oral contract was binding if plaintiff's version of its execution was true. Defendant now complains that it was the jury's prerogative, and not the court's, to determine whether the statute of frauds was a valid defense. We do not agree, but concur in the court's conclusion that if there was an oral contract to permit plaintiff's wages to be paid out of the "proceeds" of the business as distinguished from the "profits," it was not a collateral agreement but an original undertaking, the consideration for which was the benefit defendant sought to obtain from the successful operation of the turkey farm. Conrad v. Clarke, 106 Minn. 430, 119 N. W. 214, 482. Where the promisor has an interest in the performance of a contract with a third party and the commitment it makes is not merely an accommodation to the obligor, the statute of frauds has no application and an oral agreement, if established, is valid. Here, as we have said, it was essential to the defendant that George Burkel have a successful year if it was to recoup its previous losses. We therefore hold that the court's charge regarding the effect of the oral agreement was correct.

■ Defendant complains of the manner in which the court charged the jury with respect to the burden of proof, asserting that the sequence of the instructions was misleading. We question the merits of this assignment, but it is a matter which in any event defendant failed to call to the court's attention by exception to the charge or by motion for a new trial. We therefore hold it is not reviewable under Rule 51.

■ The other assignments of error have been considered and we find them to be without merit.

Affirmed.