FIRST NATIONAL BANK OF HOPKINS v.
INTERNATIONAL MACHINES CORPORATION
AND OTHERS.
EDWARD H. DEAN AND ANOTHER, APPELLANTS.

156 N. W. (2d) 86.

January 26, 1968—No. 40,540.

*Fred Albert,* for appellants.

*Dorsey, Owen, Marquart, Windhorst & West* and *Robert O. Flotten,* for respondent.

MURPHY, JUSTICE.

This is an appeal from an order of the district court denying a motion for amended findings and conclusions of law or a new trial in an action in which appellant-defendants, Edward H. Dean and Ray A. Johnson, were found liable on undertakings to guarantee payment of part of a loan made by plaintiff, First National Bank of Hopkins, to International Machines Corporation. It is contended that the court should have found that the contracts of guaranty executed by appellants were not supported by a valid consideration and that they were procured by fraud.

It appears from the record that since August 1962 plaintiff bank has extended loans and credit to International Machines Corporation. The directors of the corporation were Richard H. Picha, V. O. Smith, and appellants. The last loan was made on February 8, 1963. It appears that all of the loans were secured by the personal credit of Richard H. Picha. On February 8, 1963, the corporation borrowed $12,000 from the bank for a 90-day period. At the time this loan was made Picha and Smith executed their respective guaranties of the loan. Picha's liability was without limit, while Smith's guaranty was limited to $3,000. During the course of the transaction Picha discussed with the loan officer of the bank the requirement that the other directors, appellants Dean and Johnson, also be required to furnish guaranties of the loan, each in the amount of $3,000. On cross-examination the bank officer was asked:

"Q. * * * Wasn't it at Dr. Picha's recommendation or request that these defendants were asked to sign a guarantee form?

"A. I believe so. I think he wanted to also guarantee their share of it."

He further testified:

"Well, my understanding of this whole thing was that Dr. Picha in the past guaranteed or endorsed these notes, but he did want the other people on the board to have some obligations, or feel they had an obligation, so we agreed to these other guarantees, but not without limits, without setting his limitation down to $3,000.00, or a portion thereof."

He explained that while the bank was satisfied with Picha's guaranty of the full amount of the loan, it would accept, as additional security, the suggested guaranties of the appellant directors. Accordingly, guaranty forms were prepared and signed by appellants on February 14 and February 21. When International Machines Corporation defaulted in the payment of the note, this action was started. Picha paid his obligation on the note, in the amount of $3,000. The trial court found that plaintiff was entitled to judgment against Smith, Dean, and Johnson, each in the sum of $3,000.

By their answers appellants assert the affirmative defense that the guaranties were not supported by a valid consideration. They contend that when they signed the undertakings they were not aware that the loan had actually been made. On appeal to this court, they pursue that defense and also assert fraud in the procurement of their signatures to the guaranties. The defense of fraud was not alleged in the pleadings (Rule 9.02, Rules of Civil Procedure), nor was that issue litigated at the trial. The assertion of fraud seems to rest upon the claim that Picha and the bank should have informed appellants of the extent of Picha's guaranty.

While it appears from the record that the bank was satisfied with the guaranty of Picha for the full amount of the loan, it also appears that at the time the loan was made Picha and Smith informed the bank of the proposal that each of the four directors be obligated for an equal share of the liability in the event the corporation should default. It also appears that Picha did not wish to have the other directors know that the bank was satisfied with his guaranty of the full amount of the loan. Nevertheless, the record establishes that the bank was informed of the proposed undertakings by the appellant directors and had no objection

to receiving additional security in the form of guaranties from them. There is no evidence that the bank withheld information from the two appellants, nor is there any evidence that they made inquiry of the bank with reference to the circumstances of the loan. We find in the record no affirmative acts of plaintiff bank which would indicate that appellants were misled or deceived. The evidence, as it appears in the record, consists almost entirely of the cross-examination of the bank's loan officer. It may be observed that the record is distinguished more by what it withholds than by what it tells us of the circumstances of the transaction and the relationship of the parties. Richard H. Picha was not called as a witness. Ray A. Johnson did not testify, although it was stipulated that his testimony would be a repetition of that given by Edward H. Dean. Dean's testimony was brief and unclear. The substance of his testimony is contained in this answer:

"Well, it was during one of the board meetings in February of this year of '63, but International Machines needed actually another $12,000.00. Actually, Mr. Albert, two of the members had $3,000.00 in cash, but there was $12,000.00—that is beside the point, but $12,000.00 was needed, and the bank needed my signature so as to assure the loan that would be made."

The record does not disclose who was present at the time or who, if anyone, advised him that his signature was necessary on the loan. He did not state that he would not have signed the guaranty had he known the loan had been completed. He merely stated, "It would not have been necessary." In essence it appears to be the defense that since Picha's credit was ample security these appellants should not be required to assume liability for part of the debt.

From the record before us, which presents the circumstances of the transaction in barest outline, inferences could have been drawn from which the court might have found, on the one hand, that the loan had been completed without reference to the subsequent undertakings of appellants. On the other hand, there is evidence to the effect that at the time the loan was made it was agreed upon between the bank and Picha and Smith, representing the principal, that guaranties of the two

appellant directors would be furnished as additional consideration for the loan. After hearing testimony with reference to the transaction, the trial court was persuaded that the bank loaned the money with the understanding that the guaranties would be signed by appellants even though Picha's credit would have been sufficient for the loan.

Both parties rely on Bowen v. Thwing, 56 Minn. 177, 57 N. W. 468. This authority stands for the proposition that if it was the understanding at the time the creditor parted with its money that an additional guaranty would be obtained, and if it was furnished pursuant to the original agreement, such guaranty or undertaking relates back to the inception of the original contract and no new consideration is necessary. 72 C. J. S., Principal and Surety, § 67; Annotation, 167 A. L. R. 1174, 1175; 11 Am. Jur. (2d) Bills and Notes, § 240. In Bowen v. Thwing, *supra*, which involved the question of whether there was consideration for a guaranty entered into by a wife subsequent to the time her husband entered into the principal contract, we said (56 Minn. 179, 57 N. W. 468):

"It is not necessary, of course, that the consideration to sustain a surety's undertaking should run to the surety. It may be, and generally is, paid to the principal. It is enough if the creditor rely on the surety. It is true that the agreement that the surety should sign in this case was not made with her, and until she signed she was in no way bound by it; but, as any one who executes a contract binding on its face must be presumed to do so in order to bind himself, her signing must, if necessary to bind her, be referred to what took place when the note had its inception,—to the agreement then made by the principal that she should sign. In signing, she in fact carried out that agreement, and she must be conclusively presumed to have so intended when she signed,—to have intended to carry out any agreement with respect to her signing which the principal, who requested her to sign, had made."

The trial court was persuaded by our decision in Watkins Products, Inc. v. Butterfield, 274 Minn. 378, 380, 144 N. W. (2d) 56, 58, which holds:

"When two competent parties who can readily read and write, sign

a guaranty agreement and the plaintiff on the basis of the guaranty extends credit to the other defendant, there is nothing left for a Court to do but to find a judgment against such guarantors."

Here, appellants were knowledgeable businessmen who understood the nature of the obligation which they assumed. As shareholders and directors of the corporation, it may be assumed that they benefited directly from the loan. It cannot be denied that they knew they were to be held responsible in accordance with the terms of the instruments which they signed. On the state of the record we do not feel warranted in disturbing the trial court's determination that appellants have failed to sustain their affirmative defense by a preponderance of the evidence.

Affirmed.