**Gerald P. BARTLEY, Appellant,**

v.

**BTL ENTERPRISES, INC., et al., Defendants,**

**John G. Mutschler, Frank Hetman, et al., Respondents.**

No. CX–92–1100.

Court of Appeals of Minnesota.

Oct. 20, 1992.

Thomas A. Janson, Schmitt, Marrin & Janson, St. Cloud, for Gerald P. Bartley.

Cathleen Bang, St. Paul, for John G. Mutschler.

Thomas A. Keller, III, Kevin M. Busch, O'Connor & Hannan, Minneapolis, for Frank Hetman.

## OPINION

PARKER, Judge.

Appellant Gerald Bartley contends the trial court erred by awarding him a 6 percent interest rate as provided in Minn.Stat. § 334.01, subd. 2 (1990), rather than a 12 percent rate as provided for in a promissory note. Bartley also argues the trial court erred by not awarding him attorney fees. Respondent guarantors argue the guarantees they signed do not comply with the statute of frauds, Minn.Stat. § 513.01(2) (1990), and therefore are not enforceable. We affirm in part, reverse in part, and remand.

## FACTS

In 1982 appellant Gerald Bartley sold the assets and shares of his business, Bartley Supply Company, to TMI Corporation. On August 5, 1982, TMI, through its president, Larry Strand, executed a $400,000 promissory note payable to Bartley. The note expressly provided for a 12 percent interest rate per year. The note also provided, "[i]f action be instituted on this note, the undersigned promises to pay costs of such suit and such sum as the court may fix as reasonable attorneys' fees."

Strand subsequently died, and respondent BTL Enterprises bought Bartley Supply Co. from Strand's estate. Respondent John Mutschler, president of BTL, executed an assumption agreement whereby TMI transferred the shares and assets of Bartley Supply Co. to BTL. BTL and Mutschler agreed to "assume all the obligations and agree[d] to make all payments and perform all duties, terms, covenants, and conditions of TMI Corporation and Larry Strand respectively, under the terms of that certain Promissory note dated August 5, 1982."

BTL and Mutschler (guarantors) each signed a limited guaranty which provided:

> [T]he undersigned hereby requests Gerald P. Bartley * * * to give and continue to give Bartley Supply Company and B.T.L. Enterprises, Inc. * * * credit * * * and in consideration of any credit given, the undersigned hereby absolutely and unconditionally guarantees prompt payment when due and at all times thereafter of any and all existing indebtedness and liability of every kind * * * from the Borrower to Gerald P. Bartley, howsoever and whensoever created.

Each guarantee was expressly limited to 13.33 percent of BTL's indebtedness.

Default on the installment payments, assumed by BTL and guaranteed by respondents, subsequently occurred. Bartley responded by filing a complaint to recover under the note. Bartley and the guarantors brought cross-motions for summary judgment. The trial court partially granted Bartley's summary judgment motion.

Because of ambiguities in the court's order and because it did not address the issue of attorney fees and interest, the parties jointly moved for clarification. The guarantors also agreed to waive the defenses previously raised, which the court had reserved for trial. Because no fact issues remained, the entire matter was submitted for the court's determination.

In its amended order, the court directed each guarantor to pay 13.33 percent of the outstanding balance on the note. The court further denied Bartley's motion for attorney fees and awarded interest at the statutory rate of 6 percent.

## ISSUES

I. Did the trial court err by awarding Bartley a 6 percent interest rate instead of 12 percent as provided in the promissory note?

II. Did the trial court err by not awarding Bartley attorney fees?

III. Do the guarantees executed by respondents comply with the statute of frauds?

## DISCUSSION

Summary judgment will be affirmed on appeal if there is no genuine issue of material fact and the trial court did not err in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990). The evidence must be viewed in a light most favorable to the nonmoving party. *Clough v. Ertz*, 442 N.W.2d 798, 801 (Minn.App. 1989).

### I

Bartley argues the trial court erred by failing to award him interest at 12 percent as provided for in the promissory note. He contends the parties contracted for this interest rate, and therefore the 6 percent interest rate set forth in Minn.Stat. § 334.-01, subd. 2 (1990), does not apply. Minn. Stat. § 334.01, subd. 2, provides:

> A contract for the loan or forbearance of money, goods, or things in action, in the amount of $100,000 or more * * * and the interest for the indebtedness shall be at the rate of $6 upon $100 for a year, *unless a different rate is contracted for in writing.*

(Emphasis supplied.) The promissory note signed by Larry Strand expressly provided:

> The undersigned promises to pay to the order of Gerald P. Bartley ("shareholder") the principal sum of Four Hundred Thousand and no/100ths—Dollars ($400,-000) with interest at the rate of 12% per annum.

In March 1985, BTL Enterprises expressly assumed the above promissory note, and subsequently the guarantors executed their guaranties. The guaranties signed by respondents refer to "indebtedness and liability of every kind, nature and character." This language contemplates a wide spectrum of indebtedness and encompasses the promissory note, which expressly provided for a 12 percent interest rate. We therefore conclude the plain language of the guaranties mandates that the guarantors pay a 12 percent interest rate, rather than 6 percent as ordered by the trial court. Accordingly, we reverse the trial court on this issue and remand for a calculation of interest.

## II

■ Bartley next argues the trial court erred by not awarding his request for attorney fees. We agree. Guarantors can be liable for attorney fees even if the guaranty agreement does not expressly mention attorney fees. *See Dewey v. Henry's Drive–Ins of Minnesota, Inc.*, 301 Minn. 366, 372, 222 N.W.2d 553, 556–57 (1974) (guarantor liable for attorney fees where guarantor unconditionally guaranteed payment of "rents, all moneys and damages to which Lessor would be entitled under said Lease" and lease provided for payment of attorney fees).

■ The promissory note provided that "[i]f action be instituted on this note, the undersigned promises to pay costs of such suit and such sum as the court may fix as reasonable attorneys' fees." BTL expressly assumed all obligations under the promissory note. Likewise, the guarantors agreed to guarantee "all indebtedness" of BTL "howsoever and whensoever created". We therefore conclude the guarantors are contractually obligated to pay Bartley's reasonable attorney fees. Accordingly, we reverse the trial court on this issue and remand for a determination of reasonable attorney fees.

## III

■ The guarantors contend the guaranty forms they executed did not accurately set forth the consideration for the guaranty and therefore failed to comply with the requirements of the statute of frauds, Minn.Stat. § 513.01(2) (1990). We disagree.

Minn.Stat. § 513.01(2) provides:

No action shall be maintained, in either of the following cases, upon any agreement, unless such agreement, or some note or memorandum thereof, expressing the consideration, is in writing, and subscribed by the party charged therewith:

\* \* \* \* \* \*

(2) Every special promise to answer for the debt, default or doings of another;

The guarantors argue the guaranty forms are defective because they recite the consideration in prospective terms which anticipate future lending by Bartley to BTL or Bartley Supply Company. Bartley, the guarantors contend, never intended to make any loans or extend any credit to BTL. Rather, he only allowed BTL to assume an existing obligation which had been incurred by TMI in 1982. Because the "real" consideration was an assumption of past debt and not future lending of credit, the guarantors maintain the forms do not "express the consideration" as required by the statute of frauds.

We believe Bartley was extending credit to the guarantors by financing BTL's purchase of Bartley Supply Co. Under the 1982 agreement between Bartley and TMI, such a transfer could not take place without Bartley's consent. Evidence indicated that Bartley would not have agreed to the transfer had he not been assured the guarantors would sign the limited guaranties.

■ The phrase "credit given and to be given" is a sufficient expression of consideration to satisfy the statute of frauds. *See Midland Natl. Bank of Minneapolis v. Security Elevator Co.*, 161 Minn. 30, 43, 200 N.W. 851, 856–57 (1924). Similarly, we conclude the guaranty forms which provided "give and continue to give Bartley Supply Company and B.T.L. Enterprises, Inc. credit" set forth the consideration with sufficient particularity to satisfy the statute.[1] Moreover, we note the purpose behind the statute of frauds is not served if a guarantor is allowed to renege on a promise for which adequate consideration was given. *J.J. Brooksbank Co. v. American Motors Corp.*, 289 Minn. 404, 410, 184 N.W.2d 796, 799 (1971). We find the words of the Minnesota Supreme Court instructive:

A personal guaranty is a significant business transaction. A person signing as

---

1. We further note that even if the guaranties failed to comply with the statute of frauds, the guarantors would still be liable, since they had a direct interest in the performance of the contract and would have benefitted from their promises. *See Burkel v. Pro–Vid–All Mills, Inc.*, 273 Minn. 297, 300, 141 N.W.2d 143, 146 (1966) (if guarantor has a direct interest in the performance of the underlying contract, the statute of frauds will not prevent recovery).

guarantor is agreeing to pay, if need be, the debt of another, never an agreeable task for the person signing but a prudent business precaution for the financing party. In these circumstances the law requires guarantors to abide by what they have agreed to.

*Borg Warner Acceptance Corp. v. Shakopee Sports Center, Inc.,* 431 N.W.2d 539, 541 (Minn.1988).

## DECISION

Affirmed in part, reversed in part, and remanded.