*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1621**

James E. Williams,
Respondent,

vs.

David L. Stussy,
Appellant.

**Filed May 23, 2016
Affirmed
Bjorkman, Judge**

Hennepin County District Court
File No. 27-CV-14-20400

Jeremy P. Knutson, Grannis & Hauge, P.A., Eagan, Minnesota (for respondent)

Thomas F. DeVincke, Malkerson Gunn Martin LLP, Minneapolis, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Bjorkman, Judge; and Rodenberg, Judge.

**U N P U B L I S H E D   O P I N I O N**

**BJORKMAN**, Judge

Appellant challenges summary judgment in this contract action, arguing that his personal guarantees are invalid because they lacked consideration and that the district court erred in awarding respondent interest. We affirm.

## FACTS

On September 27, 2012, respondent James E. Williams agreed to loan Activation Life, Inc. up to $60,000 in exchange for Activation's promise to repay the principal amount with interest. The loan agreement (agreement) was accompanied by a note that required Activation to pay interest on all loan proceeds. The agreement required that "a designated Activation Life founder, shall absolutely and unconditionally guarantee to Williams the full and prompt payment of the Note according to its terms and conditions." Appellant David L. Stussy is one of Activation's founders. Stussy signed two documents titled "Unlimited Continuing Guaranty." In each document, he guaranteed to Williams "the full and prompt payment of the [i]ndebtedness according to the terms and conditions of said [p]romissory [n]ote."

After receiving Stussy's signed guarantees, Williams disbursed $60,000 to Activation. In September 2014, Williams twice demanded repayment of the loan proceeds. Neither Activation nor Stussy has made payments to Williams.

Williams commenced this action seeking to recover the unpaid principal and interest from Stussy pursuant to the guarantees. Shortly thereafter, Williams moved for summary judgment. The district court granted the motion, holding that the guarantees were supported by sufficient consideration. Stussy appeals.

## D E C I S I O N

On appeal from summary judgment, we review de novo whether there are any genuine issues of material fact and whether the district court erred in applying the law. *Ruiz v. 1st Fid. Loan Servicing, LLC*, 829 N.W.2d 53, 56 (Minn. 2013). We view the

evidence in "the light most favorable to the party against whom summary judgment was granted." *STAR Ctrs., Inc. v. Faegre & Benson, L.L.P.*, 644 N.W.2d 72, 76–77 (Minn. 2002). A genuine issue of material fact exists when there is sufficient evidence that could lead a rational trier of fact to find for the nonmoving party. *DLH, Inc. v. Russ*, 566 N.W.2d 60, 69 (Minn. 1997).

## I. Stussy's personal guarantees were supported by valid consideration.

"A guaranty agreement, like any other contract, must be supported by a valid consideration." *O'Neil v. Dux*, 257 Minn. 383, 391, 101 N.W.2d 588, 594 (1960). Consideration is "[s]omething . . . bargained for and received by a promisor from a promissee." *Black's Law Dictionary* 370 (10th ed. 2014).

Stussy does not dispute that Activation has failed to make its loan payments or that the guarantees, by their terms, obligate him to repay the loan proceeds. But he asserts that the loan to Activation constitutes a preexisting debt that is not sufficient consideration for his guarantees.[1] *See Baker v. Citizens State Bank of St. Louis Park*, 349 N.W.2d 552, 557 (Minn. 1984) (holding that preexisting debts are not sufficient consideration for guarantees made subsequent to the principle agreement). We are not persuaded. In *First Nat'l Bank of Hopkins v. Int'l Machs. Corp.*, our supreme court created an exception to the general rule regarding preexisting debts:

---

[1] Stussy asserts that genuine fact issues exist as to whether he signed one or two guarantees. But he did not provide competent evidence to challenge Williams's verified complaint that attached copies of the two guarantees and other loan documents. Accordingly, Stussy's argument fails. *See Limberg v. Mitchell*, 834 N.W.2d 211, 219 (Minn. App. 2013) ("[A] party opposing summary judgment must do more than show that there is a metaphysical doubt as to material facts." (quotation omitted)).

3

> [I]f it was the understanding at the time the creditor parted with its money that an additional guaranty would be obtained, and if it was furnished pursuant to the original agreement, such guaranty or undertaking relates back to the inception of the original contract and no new consideration is necessary.

279 Minn. 188, 192, 156 N.W.2d 86, 88 (1968) (citing *Bowen v. Thwing*, 56 Minn. 177, 179, 57 N.W. 468, 468 (1894)). This is precisely the situation in this case. Williams agreed to loan $60,000 to Activation on the condition that a founder of the company would personally guarantee the loan. Although Stussy signed the two guarantees several months later, he did so to fulfill the agreement. Accordingly, his guarantees are deemed contemporaneous in effect and require no further consideration. *See First Nat'l Bank of Hopkins*, 279 Minn. at 192, 156 N.W.2d at 88.

## II.     Williams is entitled to recover interest under the note and guarantees.

Stussy argues that the district court erred in awarding Williams interest, asserting that the guarantees only provide for the repayment of the principal. "[A] guaranty is construed the same as any other contract, the intent of the parties being derived from the commonly accepted meaning of the words and clauses used, taken as a whole." *Am. Tobacco Co. v. Chalfen*, 260 Minn. 79, 81, 108 N.W.2d 702, 704 (1961). Contract interpretation presents a question of law, which we review de novo. *Dorsey & Whitney LLP v. Grossman,* 749 N.W.2d 409, 417-418 (Minn. App. 2008). The guarantees, as well as the agreement and note, are not ambiguous. Stussy expressly guaranteed "the full and prompt payment of the [i]ndebtedness according to the terms and conditions of [the note]." The note requires Activation to pay Williams "the aggregate unpaid principal amount of all [a]dvances made by [Williams] to [Activation] under the Loan Agreement

4

together with interest on the principal amount hereunder remaining unpaid." The language of the guarantees leaves no ambiguity as to Stussy's intent to assume Activation's obligations under the terms of loan agreement and the note, which include terms for the payment of interest.

Stussy next argues that the district court erred by not applying the statutory rate of interest under Minn. Stat. § 334.01, subd. 1 (2014). We disagree. The note provides that interest accrues at "the prime interest rate published by Wells Fargo . . . plus two percent." At the time of the summary-judgment hearing, the district court found the Wells Fargo prime interest rate to be 3.25% and ultimately awarded interest at a rate of 5.25%. Because the parties unambiguously established an interest rate in the note, the statute does not apply. *See Bartley v. BTL Enters., Inc.*, 490 N.W.2d 664, 666 (Minn. App. 1992) (holding that when parties expressly establish an interest rate in the note, Minn. Stat. § 334.01, subd. 1 does not control).

Finally, Stussy argues that the district court erred by awarding interest from the date Williams disbursed the loan proceeds. He contends that interest should be calculated from the day payment came due. We are not persuaded. Stussy offers no legal support for this assertion, and the note clearly states that interest will be calculated based on "the actual number of days elapsed . . . from the date hereof until this [n]ote is fully paid." The district court properly calculated and awarded interest to Williams pursuant to the terms of the note and personal guarantees.

**Affirmed.**